Keith Y. Boyd, OSB #760701
keith@boydlegal.net
The Law Offices of Keith Y. Boyd
724 S. Central Ave., Suite 106
Medford, OR 97501
Telephone: (541) 973-2422
Facsimile: (541) 973-2426
      Of Attorneys for Debtor in Possession


UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Carleton Farms,<br><br><br>               Debtor. | Case No. 18-61140-tmr11<br><br>APPLICATION FOR EMPLOYMENT OF ATTORNEYS FOR DEBTOR IN POSSESSION (The Law Offices of Keith Y. Boyd) |

      Carleton Farms, the debtor in possession herein (hereinafter Applicant), applies for entry of an order pursuant to 11 USC §§ 327 and 1107 and LBR 2014-1 authorizing the Applicant to employ The Law Offices of Keith Y. Boyd as attorneys for the Applicant. In support of this application, the Applicant respectfully represents:

      1.     This court has jurisdiction over this matter pursuant to 28 USC §§ 157 and 1334. This is a core proceeding under 28 USC § 157(b)(2). Venue of these proceedings and this application are proper under 28 USC §§ 1408 and 1409.

      2.     Applicant will file a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 12, 2018.

APPLICATION FOR EMPLOYMENT OF ATTORNEYS FOR DEBTOR IN POSSESSION
(The Law Offices of Keith Y. Boyd) - **Page 1 of 3**

3.      Applicant is not sufficiently familiar with its rights and duties in this case to be able to represent itself and is prohibited by court rules from doing so without the aid of competent legal counsel.

4.      Applicant wishes to employ The Law Offices of Keith Y. Boyd, 724 S. Central Ave., Suite 106, Medford, OR 97501 (hereinafter Boyd), and particularly Keith Y. Boyd, as its attorneys.

5.      Applicant has selected Boyd as its attorney based on his reputation and experience in bankruptcy cases.  Boyd does not hold or represent an interest adverse to the estate nor is he an interested person within the meaning of § 327(a) of the Bankruptcy Code.  To the best of Applicant's knowledge, Boyd has no connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any other person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as may be set forth in the declaration in support of this application attached hereto.

6.      Applicant has engaged the services of Boyd subject to the approval of this Court. The services Boyd will render on behalf of Applicant include all legal services regularly and customarily required by a debtor in possession including representation in such adversary proceedings as may be commenced in this case, or such other proceedings as may be necessary and proper in other forums.  Compensation of the attorneys shall be set upon application, notice and hearing, if one is necessary, in accordance with local court procedures.

APPLICATION FOR EMPLOYMENT OF ATTORNEYS FOR DEBTOR IN POSSESSION
(The Law Offices of Keith Y. Boyd) - **Page 2 of 3**

7.     The Applicant will file an application to employ Vanden Bos & Chapman, LLP (VBC) as its co-counsel of record.  Boyd and VBC will not duplicate services and will not both bill for the same work unless such duplicate billing is appropriate and/or permitted by the Court.

8.     Applicant believes that the employment of Boyd would be in the best interest of the bankruptcy estate.

9.     This application is supported by the declaration of Keith Y. Boyd attached hereto.

WHEREFORE, Applicant requests the court enter an order authorizing the employment of The Law Offices of Keith Y. Boyd as attorneys for the Applicant effective the date of the filing of the Chapter 11 bankruptcy petition herein.

DATED this 11th day of April, 2018.

CARLTON FARMS

By:     /s/ Greg Carleton_____
         Greg Carleton, Partner

Keith Y. Boyd, OSB #760701
keith@boydlegal.net
The Law Offices of Keith Y. Boyd
724 S. Central Ave., Suite 106
Medford, OR 97501
Telephone: (541) 973-2422
Facsimile: (541) 973-2426
        Of Attorneys for Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Carleton Farms,<br><br><div align="center">Debtor.</div> | Case No. 18-61140-tmr11<br><br>DECLARATION OF KEITH Y. BOYD IN SUPPORT OF APPLICATION FOR EMPLOYMENT OF ATTORNEYS FOR DEBTOR IN POSSESSION (The Law Offices of Keith Y. Boyd) |

I, Keith Y. Boyd, under penalty of perjury state as follows:

1.      I am an attorney duly admitted to practice in the state of Oregon and in this Court. I am the principal of The Law Offices of Keith Y. Boyd (hereinafter Boyd) and I am familiar with the financial status of Boyd.

2.      I certify that I have read 11 U.S.C. § 101(14) and § 327, and Bankruptcy Rule 2014(a), and Boyd does not hold nor represent an interest adverse to the estate.  Boyd has no connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

        a.      I have been working with the partners of the Applicant since June 2016.

        b.      The Applicant will file an application to employ Vanden Bos & Chapman, LLP (VBC) as co-counsel.  I have worked with this firm in the past with both bankruptcy and non- bankruptcy clients.

DECLARATION OF KEITH Y. BOYD IN SUPPORT OF APPLICATION FOR
EMPLOYMENT OF ATTORNEYS FOR DEBTOR IN POSSESSION (The Law Offices of
Keith Y. Boyd)- **Page 1 of 3**

3. Boyd received the following retainers: $10,000 from the Applicant on July 31, 2017; $100,000 from C4 Land and Livestock, LLC on February 23, 2018; $75,000 from C4 Land and Livestock, LLC on March 12, 2018. Of the 185,000 received, $85,000 was a retainer for Boyd and $100,000 was a retainer for VBC. Boyd transferred the following amounts to VBC: $50,000 on March 8, 2018 and $50,000 on April 12, 2018.

4. From the $85,000 retained, Boyd applied the following prior to filing:

   a. August 9, 2017 - $160

   b. September 7, 2017 - $200

   c. January 9, 2018 - $5,220

   d. January 31, 2018 - $3,360

   e. March 12, 2018 - $3,520

   f. April 11, 2018 - $3,180

   g. April 12, 2018 - $6,191.05 ($4,444.05 for attorneys fees and $1,717 for costs)

5. The remainder of the attorney fee retainer received, $61,385.95 ($60,325.95 as the attorney fee retainer, $1,783 for costs) will be held pending further court order.

6. Pursuant to the Applicant's fee arrangement with Boyd, Boyd is entitled to and may request monthly deposits into its lawyer's trust account in an amount to be determined. However, no payment will be made by the Applicant unless and until a separate order is entered approving the amount and frequency of those deposits.

7. If ordered by this court, Boyd would be able to disgorge fees which this court may find it has been overpaid.

8. The Applicant's fee arrangement with Boyd is set forth in Exhibit 1 attached hereto.

DECLARATION OF KEITH Y. BOYD IN SUPPORT OF APPLICATION FOR EMPLOYMENT OF ATTORNEYS FOR DEBTOR IN POSSESSION (The Law Offices of Keith Y. Boyd)- **Page 2 of 3**

9.     The standard hourly rates presently in effect at this law firm are set forth in the billing policy statement of Boyd attached hereto as Exhibit 2.

10.     The proposed order authorizing employment of local counsel is attached as Exhibit 3.

**I HEREBY DECLARE THAT THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND THEY ARE MADE FOR USE AS EVIDENCE IN COURT AND ARE SUBJECT TO PENALTY FOR PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA.**

Executed this 12th day of April, 2018.

/s/ Keith Y. Boyd
Keith Y. Boyd, OSB #760701

DECLARATION OF KEITH Y. BOYD IN SUPPORT OF APPLICATION FOR EMPLOYMENT OF ATTORNEYS FOR DEBTOR IN POSSESSION (The Law Offices of Keith Y. Boyd)- **Page 3 of 3**

# THE LAW OFFICES OF KEITH Y. BOYD

ATTORNEYS AND COUNSELORS AT LAW

724 S. CENTRAL AVE., SUITE 106
MEDFORD, OR 97501

KEITH Y. BOYD

TELEPHONE: (541) 868-8005
FACSIMILE:   (541) 868-8004

E-MAIL: keith@boydlegal.net

April 11, 2018

Jim Carleton
Greg Carleton
Carleton Farms
PO Box 462
Tulelake, CA 96134

Re:     *Engagement Letter*
          Chapter 11 Bankruptcy filing

Dear Jim and Greg:

We appreciate your decision to retain our firm to represent you in matters relating to the filing of a Chapter 11 bankruptcy reorganization case for Carleton Farms.  It is appropriate that I provide some additional information about our firm, our view of the representation process, and our billing policies related to bankruptcy representation.  I have also included some of our thoughts about how to assess the problems and develop an approach to a permanent resolution of the problems.

As a firm, we view our mission as providing the finest legal services available for those who find themselves ensnared by the legal web surrounding commercial disputes and financially distressed businesses.  We offer a broad range of experience in representing local and national clients in all phases of commercial law and business bankruptcy.  We have gained significant knowledge and insight into the economic realities facing all sides of financially distressed situations.  We believe that we can help find realistic solutions to hard problems.

In order to carry out our mission, we have adopted three principles that guide our firm.  First, we limit our practice to what we do best.  We accept clients and referrals only when the legal issues facing them require our fields of expertise.  Second, we are committed to modern technology.  Our lawyers and staff are trained and equipped to use a variety of advanced information management and processing tools.  Finally, we practice as a team.  Each matter is handled by the member of the firm most capable of providing the service required.  Other members of the firm remain available to assist as necessary to complete a specific project economically.

Exhibit 1
Page 1 of 8

Jim Carleton
Greg Carleton
Carleton Farms
April 11, 2018
Page 2 of 6

We want you to understand our fee arrangement so that there will be no later misunderstanding. A firm résumé and our billing policy statement are attached for your convenience. Our attorney fees will be based on the standard hourly rates charged by attorneys in the firm, and law clerks and associated attorneys during the course of your case. If that rate changes, we will provide you at least 30 days' prior written notice before charging you the new rates. In the recent past, we have adjusted our rate schedules at the beginning of each calendar year. Our minimum billing unit is .1 hour regardless of the actual time spent. We will send you an itemized billing statement each month. In addition to attorney fees, you will be responsible for any out-of-pocket expenses, including, but not necessarily limited to, such things as witness fees (including expert witnesses), depositions, transcripts, reporter fees, costs of reports, fees for service of process, investigator fees, etc.

An unfortunate by-product of the Bankruptcy Code is confusion about the identity of our client and responsibility for payment of attorney fees. We are required to make a detailed disclosure about the process for paying legal fees. Let me attempt to simplify and explain an extremely complex set of rules concerning payment of our fees:

- When you (whether a corporation or partnership) seek reorganization under the Bankruptcy Code, a "bankruptcy estate" is created by operation of law. Functionally, that bankruptcy estate is a legal entity, like a corporation is a legal entity.

- The "representative" of a bankruptcy estate is either a "trustee" or a debtor in possession (commonly called the DIP). At the outset, the DIP is the representative of the estate. Upon application and a showing of cause, the court may replace the DIP with a trustee. The DIP's powers and duties are very much like the duties of the directors and officers of a corporation. The primary difference is the supervision of the court and the rules of governance. Rather than looking at the corporate statutes and the bylaws, one looks to the United States Bankruptcy Code.

- The lawyer's duty of loyalty runs to the bankruptcy estate not the debtor or its principals. This is where the confusion arises. The law firm does not represent the debtor. (Outside of bankruptcy, this compares to representing a corporation. The attorney represents the corporation, not management.) On infrequent

Exhibit 1
Page 2 of 8

Jim Carleton
Greg Carleton
Carleton Farms
April 11, 2018
Page 3 of 6

occasions, the attorney for the estate discovers that a person acting on behalf of the estate has done something grossly improper, say stealing from the estate. The attorney must advise the court of the impropriety. Remember, the inanimate bankruptcy estate, not the warm body who runs the business, is the attorney's client. There may come a time when your interests are not identical to those of the bankruptcy estate. In such an event, you might need a different lawyer to advise you about your rights as the debtor. This is not a hard and fast rule where we represent an individual instead of an entity as the DIP, but the risk is there that we may not be able to represent you in the future if you are no longer the DIP.

- As legal counsel to the bankruptcy estate, our duty of loyalty runs to it. To assure that our loyalty is not misplaced, only the bankruptcy estate will pay us after the case is filed. In an anomaly that Congress can only explain, confirming a plan of reorganization is not possible unless professionals are paid or have accepted a plan for payment after confirmation. DIPs that have not created reserves to pay professionals may find themselves unable to emerge from bankruptcy supervision.

- We will only be paid upon application and approval by the court. That will happen no more frequently than four times per year. In order to assure payment of fees when approved, we will require a combination of a pre-petition deposit of funds and possibly deposits to our trust account on a monthly basis. The amount to be deposited will be determined by a budget that will be adopted shortly before or after the case is filed.

As explained above, the law limits the source of our compensation from the bankruptcy estate. We must assure ourselves that we will protect or create sufficient value to both justify and protect our recovery.

- Before we undertake representation of Carleton Farms, we will require that $75,000 for fees from which $3,500 will be taken for costs. This amount you have already paid into our trust account. These funds will be, unless otherwise agreed, administered as described above and in our Billing Policy Statement provided with this letter. The balance of $71,500 retainer is intended to be the source of payment for our firm. Immediately before the case begins, we will withdraw an amount equal to the sum of all of our time and expenses accrued before the petition is filed. Any balance will be held in trust to secure payment of

Exhibit 1
Page 3 of 8

## THE LAW OFFICES OF KEITH Y. BOYD
### ATTORNEYS AND COUNSELORS AT LAW

Jim Carleton
Greg Carleton
Carleton Farms
April 11, 2018
Page 4 of 6

post-petition fees upon approval by the court. The $3,500 for costs will be used to pay expenses reasonably related to the Chapter 11 case and allowed by the court rules and the terms of engagement as described above and in our Billing Policy. We can use the $3,500 to pay costs without the need to request permission of you or of the court unless the court rules otherwise.

- In addition to the retainer described above, we may require monthly deposits that will be agreed upon in an operating budget developed as the case progresses. These payments will be held in trust until such time as the bankruptcy court approves the payment of our fees. If none of these monthly payments are made during a 60-day period, you hereby authorize us to move to withdraw as the corporation's attorney in the Chapter 11 bankruptcy case and you agree that you will not oppose such motion, even if it means that the case will be dismissed or converted before you find a new law firm. While we rarely find the need for such drastic measures, this requirement is intended to help ensure that we can get out of the representation in the event the corporation is no longer profitable and you are no longer able to pay for our services.

Before bankruptcy, you may discharge us as your attorney anytime. The law firm may also withdraw as your attorney anytime, so long as in doing so we comply with the Rules of Professional Responsibility for the Oregon State Bar, the local rules of the Oregon Bankruptcy Court, the Bankruptcy Code, and the Federal Rules of Bankruptcy Procedure. If we elect to withdraw, we agree to give you reasonable written notice of our intention to withdraw.

After bankruptcy, the rules change. When we are employed by the bankruptcy estate, we serve under the supervision of the court. If you decide to discharge us, the court must approve the discharge and approve substitute counsel. A DIP has never discharged us. I cannot imagine a situation in which we might resist discharge. In a few cases, however, the court has required that we continue to represent the estate after differences have arisen between attorney and client.

All documents we receive from you or others relating to your case are saved as electronic "files." (I use the term "file" to describe an individual electronic document, rather than as a traditional reference to a collection of all documents related to our work for you.) The files are stored with Clio, a third-party vendor. This form of data storage is also know as "The Cloud". The Oregon Rules of Professional Responsibility permit lawyers to use Cloud based systems for document storage provided they use reasonable care in choosing the vendor. We have reviewed

Exhibit 1
Page 4 of 8

Case 18-61140-tmr11    Doc 3    Filed 04/12/18

Jim Carleton
Greg Carleton
Carleton Farms
April 11, 2018
Page 5 of 6

Clio's security documents and are confident all data stored on their servers is encrypted and secure. Please advise if you have any concerns about the safety and security of your information while in "the Cloud."

During our representation of the corporation, we will provide copies of all "files" maintained in our records concerning the matter in an electronic format you should be able to review on your computer. If you do not receive documents by email, we will mail or fax those documents. If you ask for any collection of documents which we maintain electronically, the electronic files will be provided without cost. In order to read the files, access to a variety of programs, including Acrobat Reader, Microsoft Word, Microsoft Excel, and WordPerfect, may be required. We cannot provide the software you may need to review all of the documents. Therefore, we will provide paper copies of those documents, if requested, at a modest charge, to the extent allowed by the Bankruptcy Court. In our system, we maintain a data base to obtain easy access to the documents in our system. We do not have the right to provide you with the software used to catalogue the items in your file. The data base created includes information about all of our clients, and therefore, we cannot provide that catalogue to you.

The decision to undertake this venture is a joint one. As I have explained to you, the law firm went through a process of "due diligence" in deciding to represent Carleton Farms in a Chapter 11 case. Many clients have asked us to estimate the cost of prosecuting a Chapter 11 case. There are too many variables to predict cost accurately. The attitude of the corporation's creditors will drive much of the cost. The path to completion of a plan of reorganization may be quite simple or quite complex. In our experience, fees for reorganization, although based on an hourly rate, have tended to range between two and four percent of the gross asset value.

Predicting the prospects of success in any Chapter 11 case is difficult. I think a few comments are in order:

1.     When a corporation files a petition under Chapter 11, its assets vest in what is called a "bankruptcy estate." As a matter of law, the corporation no longer owns its assets. In Chapter 11 cases, however, the DIP serves as the trustee so long as the court does not order otherwise. This is a fundamental principle of bankruptcy law. Although you may not sense a change, the change is dramatic. Your fiduciary duties no longer run to the shareholders of the corporation. The duty runs to the bankruptcy estate which must be maximized for the payment of creditors.

Exhibit 1
Page 5 of 8

Case 18-61140-tmr11     Doc 3     Filed 04/12/18

THE LAW OFFICES OF KEITH Y. BOYD
ATTORNEYS AND COUNSELORS AT LAW

Jim Carleton
Greg Carleton
Carleton Farms
April 11, 2018
Page 6 of 6

2. An important provision of Chapter 11 is referred to as the "rule of absolute priority." This complex rule can be reduced to: a plan of reorganization must provide for repayment of all creditors, in full, before the equity holders can retain any interest in the debtor. Without agreement of creditors who will not be paid in full, existing members cannot retain their interests. As a result, we will assume that any plan of reorganization must pay creditors in full over some period of time.

3. I advise all clients to be aware of difficulties caused by a failure to realize the nature of the firm's representation. The firm will represent the "debtor in possession," a fiduciary representing the bankruptcy estate. The United States Supreme Court has ruled that the law firm's attorney-client privilege is with the bankruptcy estate, not the debtor. If, for example, the court causes a trustee to be appointed, the law firm's attorney-client relationship is with the trustee, not the debtor. Simply put, the trustee has access to all of our records and files.

If the terms outlined in this letter are agreeable to you, please sign a copy of this letter and return it to me along with the retainer referenced above. The original of this letter is for your file.

We appreciate the opportunity to be of service and look forward to working with you. If you have any questions about our qualifications or firm policies, please do not hesitate to contact me at your convenience.

Sincerely,

Keith Y. Boyd

KYB:le
Enclosures

IT IS SO AGREED:

CARLETON FARMS

_____
Greg Carleton

Date: 4 - 11 - 18

Exhibit 1
Page 6 of 8

Case 18-61140-tmr11    Doc 3    Filed 04/12/18

# THE LAW OFFICES OF KEITH Y. BOYD
### ATTORNEYS AND COUNSELORS AT LAW

## BILLING POLICY STATEMENT
### (Effective 01-01-17)

| | | |
|---|---|---|
| Hourly Rates: | Keith Y. Boyd | $400/hr. |
| | Melissa A. Arnold, ACP | $150/hr. |
| | Law Clerk | $200/hr. |
| | Legal Assistants | $50-100/hr. |

Hourly rates are reviewed at the beginning of each calendar year and adjusted appropriately after notification to clients who might be affected by the adjustment.

**Payments:** All checks, money orders, or cashier's checks should be made payable to The Law Offices of Keith Y. Boyd, Attorneys.

**Interest:** After 60 days of non-payment of invoices, interest will accrue on unpaid balances at the rate of 9% per annum (.75% per month).

**Electronic Research:** Today, electronic research and retrieval is an integral part of practicing law. We subscribe to LEXIS-NEXIS and other resources. We find that these resources are more effective than a traditional library. Such services are incorporated into our routine hourly rates. We also access court records and other information and perform asset and lien searches through LEXIS-NEXIS and other electronic sources. When we do so, we pass on only the actual cost of such services to our clients.

**Photocopies:** We charge for photocopies only when large copy projects are undertaken. In most instances, such projects are performed by outside vendors. The direct costs are billed to our clients. In other instances, we charge 10 cents per page.

**Telecopies:** We do not charge for facsimile transmission.

**Postage:** We charge the direct cost for mailing packages, overnight delivery services and mass mailings. We do not pass on routine postage costs.

**Telephone:** We do not charge for long distance telephone calls.

**Travel:** We do charge out-of-pocket travel costs, and mileage at the rates permitted by current IRS guidelines.

**Personnel:** Except in unusual circumstances which are agreed to in advance by the client, we do not charge for the services of any person except those listed above.

**Miscellaneous:** In the delivery of services, we are frequently required to contract with outside vendors. These vendors might include court reporting services, process servers, and expert witnesses. In most instances, our clients pay the vendors directly. In other cases, the direct cost of such services is billed to the client.

**Privacy Policy:** Our privacy policy notice is attached.

**Taxpayer ID:** Our Taxpayer Identification Number is 27-1673096.

Exhibit 1
Page 7 of 8

Case 18-61140-tmr11   Doc 3   Filed 04/12/18

# THE LAW OFFICES OF KEITH Y. BOYD

ATTORNEYS AND COUNSELORS AT LAW

## FIRM RÉSUMÉ

### ATTORNEYS

**Keith Y. Boyd** graduated from Oregon Sate University with a Bachelor of Science Degree in Computer Science. He graduated from the University of Oregon School of Law in 1976. Following his admission to the Oregon State Bar in 1976, Mr. Boyd worked as an assistant district attorney in Eugene, Oregon. He then entered private practice in Eugene, and later southern Oregon. During that time, his practice has emphasized the representation of trustees, debtors, and creditors, including creditors' committees, in business Chapter 7, 11, 12, and 13 cases. The diversity of legal issues presented in bankruptcy cases has led to the opportunity to expand his practice into other areas, including asset protection planning, estate planning, business planning and business transactions, real estate, and foreclosure. He regularly represents banks, finance companies, and asset based lenders in all aspects of collection, including representation in the Bankruptcy Courts. While practicing in southern Oregon, he sat as judge pro tempore for the Circuit Court of Josephine County from 1995 to 2001. He is a certified mediator in the U.S. Bankruptcy Courts in Oregon. Mr. Boyd has been recognized as one of Oregon's finest bankruptcy attorneys by The Best Lawyers in America

### NON-ATTORNEY PERSONNEL

**Melissa A. Arnold, ACP**, graduated from the University of Denver with a Bachelor of Science degree in Business Administration. Ms. Arnold was certified by the National Association of Legal Assistants in 2004,and is qualified by the National Association of Legal Assistants to provide CP$^{sm}$ (certified paralegal) services. Ms. Arnold was awarded the Advanced Certified Paralegal designation by the National Association of Legal Assistants in Commercial Bankruptcy in 2012. She has been a paralegal since 1998. She has worked with Keith Boyd since 2002. Her expertise is in the areas of bankruptcy and debtor-creditor rights. She is a member of the National Association of Legal Assistants and the Pacific Northwest Paralegal Association. Ms. Arnold is a past Secretary of the Pacific Northwest Paralegal Association.

CP$^{sm}$ is a service mark of the National Association of Legal Assistants. Its use is permitted only by those who have met and maintained rigorous, national certification standards.

Exhibit 1
Page 8 of 8

# THE LAW OFFICES OF KEITH Y. BOYD

### ATTORNEYS AND COUNSELORS AT LAW

## BILLING POLICY STATEMENT FOR
## CHAPTER 11 AND 12 REORGANIZATION CASES
### (Effective 01-01-2017)

| | | |
|---|---|---|
| Hourly Rates: | Keith Y. Boyd | $400/hr. |
| | Melissa A. Arnold, ACP | $150/hr. |
| | Law Clerk | $200/hr. |
| | Legal Assistants | $50-100/hr. |

Hourly rates are reviewed at the beginning of each calendar year and adjusted appropriately after notification to clients who might be affected by the adjustment. The minimum billing time period is one-tenth of an hour.

**Identity of Client:** The firm's client is, or will be, the bankruptcy estate created by law when the bankruptcy case is filed. A prospective debtor in reorganization is not the same personas the bankruptcy estate. Services rendered for preparing to file a bankruptcy case are provided to the prospective bankruptcy estate, not for the debtor that will file the bankruptcy case. Except to the extent that the prospective debtor advances funds for the services, it is not liable for the services.

**Payments:** The firm serves as a fiduciary to the bankruptcy estate. In most instances, we believe it inappropriate to accept cash deposits for services to a bankruptcy estate. Checks, money orders, or cashier's checks should be made payable to The Law Offices of Keith Y. Boyd, Attorneys. Electronic transfers must be made to US Bank for deposit in the firm bank accounts.

**Retainer:** Unless otherwise described in our engagement letter, retainers paid to the firm before a bankruptcy case is filed will be handled in the following way:

- ▸ If we have received a retainer before the bankruptcy case is filed, the retainer will be treated as an advance for fees related to administration of the bankruptcy case. Immediately before the bankruptcy case is filed, the retainer will be applied to services rendered through the filing of the petition for bankruptcy relief even though we have not rendered a statement for our services.

- ▸ Any balance of the retainer will be held in trust for application to post-filing attorney fees incurred by the bankruptcy estate. Money will only be withdrawn after court approval. Unless otherwise agreed or ordered by the court, the firm shall have a security interest in any remaining retainer funds.

**Deposits During Case:** If so provided in our engagement letter and the Bankruptcy Court's order authorizing employment by the bankruptcy estate, the Debtor in Possession shall make monthly deposits into the firm's trust account for future payment of fees upon allowance by the court. If the Debtor in Possession is unable to make such deposits, the firm may notify the court

that the deposit has not been made and may apply to withdraw from representation of the bankruptcy estate.

Electronic Research: Today, electronic research and retrieval is an integral part of practicing law. We subscribe to LEXIS-NEXIS and other resources. We find that these resources are more effective than a traditional library. Such services are incorporated into our routine hourly rates. We also access court records and other information and perform asset and lien searches through LEXIS-NEXIS and other electronic sources. When we do so, we pass on only the actual cost of such services to our clients.

Photocopies: We charge for photocopies only when large copy projects are undertaken. In most instances, such projects are performed by outside vendors. The direct costs are billed to our clients. In other instances, we charge 10 cents per page.

Telecopies: We do not charge for facsimile transmission.

Postage: We charge the direct cost for mailing packages, overnight delivery services and mass mailings required by the bankruptcy court. We do not pass on routine postage costs.

Bankruptcy
Notices: When we represent a Debtor in Possession (bankruptcy cases under Chapters 11 and 12), there will be events which require that notice be mailed to creditors of the bankruptcy estate. It is inappropriately expensive for our firm to prepare and post those notices. We have arrangements with outside vendors to fill this function. Outside vendors will be used for mailings in cases with more than 50 creditors. In all cases, the mailing of the plan and disclosure statement will be outsourced to outside vendors. Our client will be called upon to directly pre-pay the cost of such services. If the court has ordered that the firm hold trust funds for that purpose, funds will be advanced from those trust funds. It is important that you anticipate and budget for mailing notices. Failure to mail required notices may cause a case to be dismissed or converted to a liquidation case under Chapter 7.

Telephone: We do not charge for long distance telephone calls.

Travel: We do charge out-of-pocket travel costs, and mileage at the rates permitted by current IRS guidelines.

Personnel: Except in unusual circumstances which are agreed to in advance by the client, we do not charge for the services of any person except those listed above.

Miscellaneous: In the delivery of services, we are frequently required to contract with outside vendors. These vendors might include court reporting services, process servers, and expert witnesses. In most instances, our clients pay the vendors directly. In other cases, the direct cost of such services is billed to the client.

Privacy Policy: Our privacy policy notice is attached.

Taxpayer ID: Our Taxpayer Identification Number is 27-1673096.

Exhibit 2
Page 2 of 2

Case 18-61140-tmr11    Doc 3    Filed 04/12/18

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re: | Case No. 18-61140-tmr11 |
|---|---|
| Carleton Farms, | ORDER AUTHORIZING EMPLOYMENT OF ATTORNEYS FOR DEBTORS IN POSSESSION  (The Law Offices of Keith Y. Boyd) |
| Debtor. | |

THIS MATTER came before the court upon the application for employment of attorneys for the debtor in possession [Dkt No. ___].  The court having reviewed the file, the application, the declaration of Keith Y. Boyd accompanying said application and the Rule 2014 verified statement of proposed professional, and the court now being fully advised,

IT IS ORDERED that the application for employment shall be and hereby is approved and the employment of The Law Offices of Keith Y. Boyd and more particularly Keith Y. Boyd as attorneys for the debtor in possession is hereby authorized and effective April 12, 2018, the date of the filing of the Chapter 11 bankruptcy petition herein.

ORDER AUTHORIZING EMPLOYMENT OF ATTORNEYS FOR DEBTORS IN POSSESSION  (The Law Offices of Keith Y. Boyd) - **Page 1 of 2**

Exhibit 3
Page 1 of 2

IT IS FURTHER ORDERED that compensation of said professional shall be subject to

U.S. Bankruptcy Code, the Bankruptcy Court's review and compliance with the court's local

procedures.

IT IS FURTHER ORDERED that no attorney lien shall attach to any post petition

deposits.

# # #

Proponent has provided notice as required by LBR 9021-1 and received no objections during the
applicable circulation period which has now expired.

THE LAW OFFICES OF KEITH Y. BOYD

By:    /s/_____
       Keith Y. Boyd, OSB #760701
       keith@boydlegal.net
       724 S. Central Ave., Suite 106
       Medford, OR 97501
       Telephone: 541-973-2422
       Facsimile: 541-973-2426
              Of Attorneys for Debtors in Possession

cc:

via Manual Service:

ORDER AUTHORIZING EMPLOYMENT OF ATTORNEYS FOR DEBTORS IN
POSSESSION  (The Law Offices of Keith Y. Boyd) - **Page 2 of 2**

Exhibit 3
Page 2 of 2            Case 18-61140-tmr11    Doc 3    Filed 04/12/18

In re                        )

                             )  Case No. _____

                             )

                             )  RULE 2014 VERIFIED STATEMENT

Debtor(s)                )  FOR PROPOSED PROFESSIONAL

                              (The Law Offices of Keith Y. Boyd)

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1.  The applicant is not a creditor of the debtor except:

2.  The applicant is not an equity security holder of the debtor.

3.  The applicant is not a relative of the individual debtor.

4.  The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5.  The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6.  The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7.  The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8.  The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9.  The applicant is not a person in control of the debtor.

10.  The applicant is not a relative of a director, officer or person in control of the debtor.

11.  The applicant is not the managing agent of the debtor.

12.  The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13.  The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)).  Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Keith Y. Boyd, OSB #760701
The Law Offices of Keith Y. Boyd

In re Carleton Farms
Case No. 18-61140-tmr11

Rule 2014 Verified Statement of Proposed Professional (The Law Offices of Keith Y. Boyd)

15.     Applicant received the following retainers: $10,000 from the debtor on July 31, 2017; $100,000 from C4 Land and Livestock, LLC on February 23, 2018; $75,000 from C4 Land and Livestock, LLC on March 12, 2018.  Of the 185,000 received, $85,000 was a retainer for Boyd and $100,000 was a retainer for VBC.  Boyd transferred the following amounts to VBC: $50,000 on March 8, 2018 and $50,000 on April 12, 2018.

From the $85,000 retained, Boyd applied the following prior to filing:

> August 9, 2017 - $160
> September 7, 2017 - $200
> January 9, 2018 - $5,220
> January 31, 2018 - $3,360
> March 12, 2018 - $3,520
> April 11, 2018 - $3,180
> April 12, 2018 - $6,191.05 ($4,444.05 for attorneys fees and $1,717 for costs)

The remainder of the attorney fee retainer received, $61,385.95 ($60,325.95 as the attorney fee retainer, $1,783 for costs) will be held pending further court order.

CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2018, I served the following APPLICATION FOR EMPLOYMENT OF ATTORNEYS FOR DEBTOR IN POSSESSION (The Law Offices of Keith Y. Boyd) WITH DECLARATION OF KEITH Y. BOYD AND RULE 2014 VERIFIED STATEMENT OF PROPOSED PROFESSIONAL IN SUPPORT by depositing in the United States mail at Springfield, Oregon full and complete copies thereof, by first class mail, postage prepaid, or email transmission where indicated, addressed to the following:

Carleton Farms
PO Box 462
Tulelake CA 96134

I hereby certify that on April 12, 2018, I determined from the United States Bankruptcy Court electronic case filing system that the following parties will be served electronically via ECF:

KEITH Y BOYD     ecf@boydlegal.net, arnold@boydlegal.net
US Trustee, Eugene     USTPRegion18.EG.ECF@usdoj.gov

THE LAW OFFICES OF KEITH Y. BOYD


By:     /s/ Melissa A. Arnold_____
        Melissa A. Arnold, ACP
        Paralegal

CERTIFICATE OF SERVICE - **Page 1 of 1**