Robert J Vanden Bos, OSB #781002
Douglas R. Ricks, OSB #044026
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR  97204
Telephone:  503-241-4869
Fax:  503-241-3731

Of Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 18-61140-tmr11 |
|---|---|
| Carleton Farms | APPLICATION OF DEBTOR-IN-POSSESSION FOR AUTHORITY TO EMPLOY ATTORNEY |
| Debtor-in-Possession. | (Vanden Bos & Chapman, LLP) |

The applicant Debtor-in-Possession, Carleton Farms ("Debtor"), respectfully represents:

1. Debtor has filed a petition under Chapter 11 of the Bankruptcy Code.

2. Debtor wishes to employ the firm of Vanden Bos & Chapman, LLP ("VBC"), attorneys duly admitted to practice in this Court, as Debtor's co-counsel to serve with attorney Keith Y. Boyd in this case.  Keith Y. Boyd will function as lead counsel for the case.

3. Debtor has selected VBC for the reason that VBC has experience in matters of this character, having worked on many other Chapter 11 cases as attorneys.

4. The professional services that VBC is to render include:  (a) to give Debtor legal advice with respect to Debtor's powers and duties as debtor-in-possession in the operation

Page 1 of 3   APPLICATION OF DEBTOR-IN-POSSESSION FOR AUTHORITY TO EMPLOY ATTORNEY (Vanden Bos & Chapman, LLP)

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-61140-tmr11    Doc 4    Filed 04/12/18

of Debtor's business; (b) to institute such adversary proceedings as are necessary in the case; (c) to represent Debtor generally in the proceedings and to propose on behalf of Debtor as debtor-in-possession necessary applications, answers, orders, reports and other legal papers; and (d) to perform all other legal services for the debtor-in-possession or to employ an attorney for such professional services.

5. To the best of Debtor's knowledge, VBC has no connection with the creditors or any other adverse party or its attorneys, except as disclosed in the Rule 2014 Verified Statement on file herein.

6. VBC represents no interest adverse to the Debtor as debtor-in-possession or to the estate in the matters upon which VBC is to be engaged, except as disclosed in the Rule 2014 Verified Statement on file herein. VBC's employment would be in the best interests of the estate.

7. The proposed rate of compensation, subject to final court approval, is the customary, hourly rates in effect when services are performed by the attorneys, legal assistants and staff who provide services to the Debtor. The proposed terms of employment are as set forth in the Attorney/Client Fee Agreement, a copy of which is attached as **Exhibit A** which has been executed by the Debtor and VBC. The current hourly rates are as follows:

| | |
|---|---|
| Robert J Vanden Bos, Managing Partner | $520.00 |
| Ann K. Chapman, Partner | $450.00 |
| Douglas R. Ricks, Partner | $395.00 |
| Christopher N. Coyle, Partner | $375.00 |
| Certified Bankruptcy Assistants | $250.00 |
| Legal Assistants | $130.00 |

These hourly rates are subject to periodic adjustment to reflect economic conditions and increased experience and expertise in this area of the law.

Page 2 of 3    APPLICATION OF DEBTOR-IN-POSSESSION FOR AUTHORITY TO EMPLOY ATTORNEY (Vanden Bos & Chapman, LLP)

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-61140-tmr11    Doc 4    Filed 04/12/18

WHEREFORE, Debtor prays that Debtor shall be authorized to employ and appoint the firm of Vanden Bos & Chapman, LLP as co-counsel to serve with Keith Y. Boyd to represent Debtor as Debtor-in-Possession in this proceeding under Chapter 11 of the Bankruptcy Code.

Debtor further prays for an Order approving the terms and conditions of VBC's employment as set forth in the Attorney/Client Fee Agreement attached hereto as **Exhibit A**.

DATED: April 12, 2018

VANDEN BOS & CHAPMAN, LLP

By:/s/Robert J Vanden Bos
    Robert J Vanden Bos, OSB #781002
    Of Attorneys for Debtor-in-Possession

CARLETON FARMS

By:/s/Gregory Carleton, Partner
    Debtor-in-Possession

Page 3 of 3    APPLICATION OF DEBTOR-IN-POSSESSION FOR AUTHORITY TO EMPLOY ATTORNEY (Vanden Bos & Chapman, LLP)

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-61140-tmr11    Doc 4    Filed 04/12/18

## ATTORNEY/CLIENT CHAPTER 11 FEE AGREEMENT

CLIENT: **CARLETON FARMS**
(A General Partnership of Richmond Carleton,
James Carleton and Gregory Carleton,
General Partners)

ATTORNEY: VANDEN BOS & CHAPMAN, LLP

DATED: March 27, 2018

Client desires to retain Attorney for but not limited to the purposes described in this Agreement and agrees to be responsible for payment of the Attorney's fees and costs as established in this Agreement. Attorney agrees to represent Client under the terms and conditions of this Agreement and to be compensated at the rates set forth in this Agreement.

Client acknowledges that pursuant to Client's request, Attorney has provided services to Client prior to the execution of this Agreement. Attorney shall be compensated for all services provided to Client by Attorney prior to the execution of this Agreement in accordance with the hourly rates and other terms and conditions set forth in this Agreement.

Client requests and the Attorney agrees to render professional services including (a) giving the Client legal advice with respect to its business operations (b) assisting the Client in any proposed reorganization of its business (c) if authorized, filing an appropriate petition for relief under Title 11 of the United States Bankruptcy Code; (d) giving the Client legal advice with respect to its powers and duties in any proceeding in bankruptcy; (e) proposing on behalf of the Client all necessary applications, answers, orders, reports or other legal papers; (f) performing for the Client any and all other legal services which may be necessary in connection with the filing of any petition or proceeding in bankruptcy.

Client and Attorney agree that the Attorney's compensation for services performed pursuant to this Agreement shall be the Attorney's customary hourly rates in effect at the time the services are performed for the Attorneys, legal assistants and staff who provide services for the Client. At the time of the execution of this Agreement, the current hourly rates are as follows:

| | |
|---|---|
| Robert J Vanden Bos, Managing Partner | $520.00 |
| Ann K. Chapman, Partner | $450.00 |
| Douglas R. Ricks, Partner | $395.00 |
| Christopher N. Coyle, Partner | $375.00 |
| Certified Bankruptcy Assistants | $250.00 |
| Legal Assistants | $130.00 |

These hourly rates are subject to periodic adjustment to reflect economic conditions and increased experience and expertise in this area of law. Attorney's time and paralegal time is billed in minimum .10 hour increments

Client will be provided with itemized monthly statements for services rendered and expenses incurred which will be mailed on approximately the 10th of each calendar month. Client agrees to pay Attorney a prepetition retainer of $100,000.00. Attorney has received $50,000.00 from Client. Client will pay the $50,000.00 balance prior to the filing of the Chapter 11 bankruptcy.

Immediately before the case begins, Attorney will withdraw an amount equal to the sum of all of Attorney's time and expenses accrued before the petition is filed. Any balance will be held in trust to secure payment of post-petition fees upon approval by the Court.

Attorney and Client agree that the existence of this Agreement shall be adequately disclosed to the Court and other interested parties, including but not limited to the United States Trustee.

Client acknowledges that the application of the retainer is for Attorney's hourly services, not for payment of out-of-pocket costs associated with representing the Client. As set forth elsewhere in this Agreement, Attorney shall have the option to require Client to perform various mailings and advance other significant costs as they become due from the Client's ongoing income.

Until the retainer check clears and the funds are paid to Attorney's trust account, Attorney shall have the option to decline to commence representing Client. To avoid timing problems waiting for a retainer check to clear, Attorney recommends that retainer checks be paid in certified funds or cash.

In addition to the foregoing hourly rates, Client agrees to be responsible for payment of all costs incurred in representing the Client. Examples of such costs include filing fees, court reporter fees, long distance telephone, photocopies (whether made in the Attorney's office or an outside printing service), etc. The Attorney's "Expense Policy Statement" is attached as **Exhibit A**. A quarterly fee based on disbursements is assessed by the Office of the US Trustee on all Chapter 11 debtors. A copy of the US Trustee's fee schedule is attached as **Exhibit B**. Client is responsible for payment of the quarterly fees.

Client has been informed and acknowledges that Attorney has no responsibility to hire outside professionals such as appraisers, accountants, bookkeepers, expert witnesses, etc., unless those costs are paid in advance by the Client to the Attorney. All professionals must also be approved by the Bankruptcy Court before starting work or the Court will deny payment to the professional.

Client acknowledges it has been informed of the Court's rule requiring the filing of a "Monthly Operating Report" (Rule 2015 Report) on the Court's form by the 15th day of each succeeding month. The form of such report will be separately provided to the Client. The Client assumes all responsibility for completing said form and delivering it to the Attorney's office not later than the 10th day of the calendar month. Failure to timely file these reports can result in dismissal of the Chapter 11 proceeding.

If asked by the Attorney, Client agrees to perform all mailings required by the Bankruptcy Code or Rules. Client agrees to pay the costs thereof separately. Attorney

assumes no responsibility for advancing the costs of major mailings in the case. Client acknowledges that Attorney has advised Client that there could be several major mailings during the course of a Chapter 11 case and that the costs of printing and postage for such mailings are significant costs. The Client may be required to send documents to each of Client's creditors in connection with each such mailing. Client agrees to pay mailing costs in advance of such mailings directly to the company which will be performing such mailings.

Attorney shall have the option, but not the duty, to proceed with representing Client prior to payment of the above described retainer. If Attorney performs services prior to receipt of the retainer, the Attorney may withdraw from representing the Client at any time prior to payment of the agreed retainer.

Client agrees to cooperate with Attorney, to complete all forms requested by the Attorney and to provide the Attorney with all information necessary to enable the Attorney to represent the Client's best interests. If Client unreasonably declines to cooperate or should knowingly provide the Attorney with false or fraudulent information or testify untruthfully in any matter before the Court, the Client agrees that Attorney shall have the right to immediately resign.

If permitted by law, should either party find it necessary to take steps to enforce this Agreement, the costs of doing so, including reasonable Attorney fees both before trial, at trial or after appeal, as determined by the Court, will be borne by the losing party.

Client acknowledges that Attorney has advised that the actual Attorney's fees and expenses, considering the size and complexity of case, will be substantial. Client acknowledges that the Attorney has advised that under the rules of the Bankruptcy Court, the Attorney has the right to submit an application for payment of fees to the court in accordance with the court's rules, which will be done as frequently as court rules permit. Unless the Court allows more frequent applications, the Court currently considers applications three times per year, on February 10, June 10 and October 10. Such petitions for fees, when approved, will be paid from the Client's post-petition income. Client agrees that Attorney can seek Court approval for monthly payment of services provided if the Retainer is insufficient to compensate Attorney for services rendered.

| SERVICE | INCREMENT |
|---|---|
| Prepare letter or correspondence | .1 |
| Telephone Call | .1 |
| Listen to Voice-Mail | .1 |
| Leave Voice-Mail | .1 |
| Review Email | .1 |
| Reply to Email | .1 |

| SERVICE | INCREMENT |
|---|---|
| Review Correspondence or Notices Relating to Client's Case | .1 |
| Documentation Preparation | .1 |
| Court Appearance | .1 |
| 341(a) Hearing Appearance | .1 |

Attorney strives to keep Client informed of the work Attorney is performing, and Attorney stands ready to explain its services and invoices to Client's satisfaction. If Client ever has questions regarding Attorney's charges, please let Attorney know immediately so that Attorney can attempt to resolve any concerns fairly and without delay. Also, if Client has a particular need relative to Attorney's invoicing (e.g., the billing format or timing of delivery), please let Attorney know and Attorney will try to accommodate the Client.

Client may terminate the attorney/client relationship at any time and for any reason by delivering to Attorney a written notice of termination. Attorney also reserves the right to terminate the attorney/client relationship, by delivering to Client a written notice, if Client fails to pay Attorney when due any amount Client owes Attorney, if Client fails to cooperate with Attorney or to disclose to Attorney material information, or if for any other reason Attorney feels Attorney is unable to continue an effective attorney/client relationship, in each case, to the extent permitted by the applicable rules of professional conduct, and subject to any applicable rules requiring notice and Court approval. Upon any termination, Client will remain liable for all fees, costs and expenses incurred prior to the termination of the attorney/client relationship. Upon termination, Attorney will provide Client with the original or a copy of all Client's files in Attorney's possession, retaining a copy for Attorney in Attorney's discretion and at Attorney's cost. Once Attorney's representation is terminated, Attorney will have no obligation to inform Client of due dates, subsequent developments or the like, or to maintain any documents or dockets relating to Client's matters.

Attorney appreciates the opportunity to serve as Client's attorneys and anticipates a productive and harmonious relationship. If, however, Client becomes dissatisfied for any reason with the services Attorney has performed or Client disputes any of the fees, costs or expenses charged by Attorney, Attorney encourages Client to bring that dissatisfaction or dispute to Attorney's attention at the earliest possible time. Most problems should be rectifiable through such communication. However, should a dispute arise between Attorney and/or Client which cannot be resolved in that manner, then the Bankruptcy Court will resolve the dispute.

A solid attorney/client relationship is a two-way street. Lawyers need timely and complete cooperation and assistance from their clients just as clients need timely and complete cooperation and assistance from their lawyers. Attorney will therefore endeavor to keep Client informed of Client's matters as they progress. Similarly, Client agrees to provide Attorney with timely responses to requests for documentation and information and to make available to Attorney personnel in order that Attorney may effectively carry out its function as Client's attorneys. Bear in mind that if Attorney

does not obtain such cooperation, the quality of Attorney's representation may suffer and Attorney may feel constrained to withdraw from any further work.

THE ATTORNEY DOES NOT UNDERTAKE TO GIVE THE CLIENT TAX ADVICE. CLIENT AGREES TO CONSULT ITS OWN ACCOUNTANT OR COMPETENT TAX COUNSEL, WITH RESPECT TO ALL TAX ISSUES.

DATED: 4-5-18

**ATTORNEY:**

VANDEN BOS & CHAPMAN, LLP

By: *Robert J Vanden Bos*
Robert J Vanden Bos, Partner

**CLIENT:**

CARLETON FARMS
(A General Partnership of Richmond Carleton, James Carleton and Gregory Carleton, General Partners)

*James Carleton*
James Carleton

*Richmond Carleton*
Richmond Carleton

*Gregory Carleton*
Gregory Carleton

EXHIBIT "A"

Attorney's
Expense Policy Statement

| | |
|---|---|
| Photocopies: | .15 per page (in house) |
| Fax: | Incoming No Charge; outgoing (including long distance) at actual telephone charges. |
| Outside Services: | All outside entity bills are charged at actual cost. |
| Postage: | Postage, express mail and other overnight delivery or air courier services are charged at actual cost. |
| Long Distance: | Long distance telephone charges are billed to Clients at actual cost. |
| Computerized Research: | Actual (*i.e.*, invoiced) cost or, for leased or flat rate computer research services, $2.00 per minute not to exceed one-half of the lease cost or flat rate. Time associated with computerized research to be specifically identified on attorney time detail. |
| Travel: | Travel expenses are actual and Air fare is coach or economy class only. Other expenses are actual and do not include limos. Mileage is charged at the rate of allowed for federal tax deductions (currently 56¢ per mile). |
| Other Personnel Charges: | Secretarial overtime is charged to Clients at $30.00 per hour if the overtime work is due to time constraints mandated by the case or the Client, not to exceed the employee's actual hourly compensation cost to the firm. |
| Pacer: | Actual cost (8¢ per page). |
| Other: | Any charges not mentioned above will be charged in accordance with the applicable U.S. Bankruptcy Court Cost Guidelines contained in Bankruptcy Rule 2016. |

# CHAPTER 11 QUARTERLY FEES

Debtors in chapter 11 cases must pay a quarterly fee to the United States Trustee Program for each calendar quarter, or portion thereof, between the date of filing the petition and the date the court enters a final decree closing the case, dismisses the case or converts the case to another chapter in bankruptcy. The quarterly fee is calculated by totaling the debtor's disbursements as reported on the Monthly Operating Reports for the three-month calendar quarter, or portion thereof, according to the following chart. The quarterly fee amount will be estimated if disbursements for all of the months of a calendar quarter that the case is open have not been reported to the United States Trustee. The estimated fee is based on: a) reported disbursement history, b) initial financial data submitted when the case was filed, or c) an estimation done by the United States Trustee office. If you calculate the fee to be less than the estimated quarterly fee on the statement, you must submit actual disbursement reports supporting your calculation to the bankruptcy court and the United States Trustee Office. A minimum fee of $325.00 is due <u>even if there are no disbursements during a calendar quarter</u>. There is no proration of the fee.

The fee schedule below applies for the calendar quarters beginning January 1, 2008 through December 31, 2017.

| TOTAL QUARTERLY DISBURSEMENTS | QUARTERLY FEE |
|---|---|
| $0 to $14,999.99 | $325.00 |
| $15,000 to $74,999.99 | $650.00 |
| $75,000 to $149,999.99 | $975.00 |
| $150,000 to $224,999.99 | $1,625.00 |
| $225,000 to $299,999.99 | $1,950.00 |
| $300,000 to $999,999.99 | $4,875.00 |
| $1,000,000 to $1,999,999.99 | $6,500.00 |
| $2,000,000 to $2,999,999.99 | $9,750.00 |
| $3,000,000 to $4,999,999.99 | $10,400.00 |
| $5,000,000 to $14,999,999.99 | $13,000.00 |
| $15,000,000 to $29,999,999.99 | $20,000.00 |
| $30,000,000 or more | $30,000.00 |

**In accordance with the Bankruptcy Judgeship Act of 2017, Pub. L. No. 115-72, the following amended chapter 11 quarterly fee schedule will apply for the calendar quarters beginning January 1, 2018 through September 30, 2018.**

| TOTAL QUARTERLY DISBURSEMENTS | QUARTERLY FEE |
|---|---|
| $0 to $14,999.99 | $325.00 |
| $15,000 to $74,999.99 | $650.00 |

**Exhibit A - Page 7 of 8**

**Exhibit B - Page 1 of 2**

| TOTAL QUARTERLY DISBURSEMENTS | QUARTERLY FEE |
|---|---|
| $75,000 to $149,999.99 | $975.00 |
| $150,000 to $224,999.99 | $1,625.00 |
| $225,000 to $299,999.99 | $1,950.00 |
| $300,000 to $999,999.99 | $4,875.00 |
| $1,000,000 or more | 1% of quarterly disbursements or $250,000, whichever is less |

Quarterly fees are due no later than one month following the end of each calendar quarter. Failure to pay quarterly fees may result in the conversion or dismissal of the case. Payment of that quarter's fees and any past due fees and interest, if applicable, must be made before the effective date of a confirmed plan of reorganization and quarterly fees will continue to accrue until entry of the final decree, or until the case is converted or dismissed. Failure to pay these fees may result in a motion by the United States Trustee to convert the case to a chapter 7 case.

The debtor will receive a bill or statement from the Executive Office for United States Trustees, Washington, D.C., for each calendar quarter, prior to the payment due date. A check for the quarterly fee, made payable to "United States Trustee", should be mailed with the tear-off portion of the statement form to: **United States Trustee Payment Center, P.O. Box 530202 Atlanta, GA 30353-0202**

**The address shown above is a lockbox at a bank. It may NOT be used for service of process, correspondence or any purpose other than payment of quarterly fees. Any other correspondence or documents sent to the lockbox other than the payment form will be destroyed.**

The debtor is responsible for timely payment of the quarterly fee. Failure to receive a bill from the Executive Office for United States Trustees does not excuse the debtor from timely payment. Failure to pay the quarterly fee is cause for conversion or dismissal of the chapter 11 case pursuant to 11 U.S.C. § 1112(b)(4)(K) (for cases filed on or after October 17, 2005) or 11 U.S.C. § 1112(b)(10) (for cases filed before October 17, 2005).

*Updated December 11, 2017*

Was this page helpful?
Yes    No

**Exhibit A - Page 8 of 8**

**Exhibit B - Page 2 of 2**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re )
) Case No. _____
)
) RULE 2014 VERIFIED STATEMENT
Debtor(s) ) FOR PROPOSED PROFESSIONAL

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1. The applicant is not a creditor of the debtor except:

2. The applicant is not an equity security holder of the debtor.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)). Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

1114 (11/30/09)    Page 2 of 3

Case 18-61140-tmr11    Doc 4    Filed 04/12/18

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant

1114 (11/30/09)   Page 3 of 3

<u>In re Carleton Farms</u>;
Chapter 11 Bankruptcy Case No. 18-61140-tmr11

**Continuation Statement No. 13**:

    1.  Attorneys and staff at VBC may have social or other professional relationships with Bankruptcy Court judges, the Clerk of the Bankruptcy Court, clerks and/or staff of the Bankruptcy Court, employees of the office of the United States Trustee, other federal employees, and individuals who are members of law firms involved in this case or who are employed by creditors or other parties in interest.  Other than with respect to the United States Bankruptcy Court for the District of Oregon and the Office of the U.S. Trustee or as otherwise outlined herein, VBC has conducted no investigation of its attorneys or staff members' employment, banking, insurance, brokerage or investment activities or familial connections in preparing this statement.

    2.  Judge Trish M. Brown and one of Applicant's attorneys (Robert J Vanden Bos) briefly over-lapped as employees at the same law firm (Lane Powell) in the early 1980's.

    3.  The spouse of one of the Partners of Applicant is a Tier One PERS retiree.  The spouse of another of the Partners of Applicant is a current employee of the State of Oregon.  The State of Oregon and its respective agencies, is a potential creditor and party in interest in this case.

    4.  VBC does not have banking relationships with any of the creditors in the case.

    5.  Applicant has been working with the partners of the Debtor since June 2016.  The Debtor will file an application to employ The Law Offices of Keith Y. Boyd as lead counsel.  Applicant has worked with Keith Boyd's firm in the past with both bankruptcy and non- bankruptcy clients.

In re  Carlton Farms
Chapter 11 Bankruptcy Case No. 18-61140-tmr11

CERTIFICATE - TRUE COPY

DATE: April 12, 2018

DOCUMENT: APPLICATION OF DEBTOR-IN-POSSESSION FOR AUTHORITY TO EMPLOY ATTORNEY (Vanden Bos & Chapman, LLP) and 2014 VERIFIED STATEMENT OF PROPOSED PROFESSIONAL (Vanden Bos & Chapman, LLP)

I hereby certify that I prepared the foregoing copy of the foregoing named document and have carefully compared the same with the original thereof and it is a correct copy therefrom and of the whole thereof.

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing on:

Carleton Farms
510 N. Main
Merrill, OR  97663

by mailing a copy of the above-named document to each of them in a sealed envelope, addressed to each of them at his or her last known address.  Said envelopes were deposited in the Post Office at Portland, Oregon, on the above date, postage prepaid.

I hereby certify that the foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system on the date set forth below.

Dated:  April 12, 2018

VANDEN BOS & CHAPMAN, LLP


By:/s/Robert J Vanden Bos
   Robert J Vanden Bos, OSB #781002
   Of Attorneys for Debtor-in-Possession