Keith Y. Boyd, OSB #760701
keith@boydlegal.net
The Law Offices of Keith Y. Boyd
724 S. Central Ave., Suite 106
Medford, OR 97501
Telephone: 541-973-2422
Facsimile: 541-973-2426
        Of Attorneys for Debtor in Possession

Robert Vanden Bos, OSB #781002
bob@vbcattorneys.com
Douglas Ricks, OSB #044026
doug@vbcattorneys.com
Vanden Bos & Chapman LLP
319 SW Washington Street, Suite 520
Portland, OR 97219
Telephone: 503-241-4869
Facsimile: 503-241-3731
        Of Attorneys for Debtor in Possession

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re: | Case No. 18-61140-tmr11 |
|---|---|
| Carleton Farms, a partnership, | MOTION FOR TURNOVER (CFO Solutions, LLC, Receiver) |
| Debtor. | |

Carleton Farms, the debtor in possession ("DIP"), hereby moves the Court for an order

requiring CFO Solutions, LLC, state court appointed receiver, to turnover to the DIP all property

of the debtor in his possession, pursuant to 11 U.S.C. § 543(a), and to account to the Unites

States Trustee pursuant to FRBP 6002(a).

BACKGROUND

1.      On April 12, 2018, this case was commenced by the filing of a voluntary petition

for relief under Chapter 11 of the Bankruptcy Code. The DIP has made demand under 11 U.S.C.

MOTION FOR TURNOVER (CFO SOLUTIONS, LLC, RECEIVER) - **Page 1 of 6**

§543(a) on CFO Solutions, LLC, the receiver appointed by the Klamath County Circuit Court in case number 17CV56444, entitled *Umpqua Holdings Corporation, dba Umpqua Bank, and Oregon chartered bank, Plaintiff, v. Carleton Farms, an unregistered Oregon general partnership; Richmond James Carleton; James Alfred Carleton; Gregory George Carleton; Carleton Farms, LLC, an Oregon limited liability company; James Carleton and Gregory Carleton, successor trustees of the Alfred C. Carleton and Helen A. Carleton Trust dated July 5, 1985; Gregory G. Carleton and Cyndee O. Smith-Carleton, Trustees of the Carleton Family Trust, dated October 27, 2016; AGCO Finance LLC, a Delaware limited liability company; Deere & Company, a Delaware corporation; Western Milling, LLC, a California limited liability company; and Basin Fertilizer & Chemical Co., LLC, an Oregon limited liability company, Defendant*s; to turnover to the DIP all property of the debtor described in the attached Exhibit A, as well as all records relating thereto.  When the receiver complies with the turnover demand and the designated assets described in Exhibit A are turned over to the DIP, the DIP will require an order allowing the use of cash collateral.

2.       Prior to the filing of the debtor's petition, Umpqua Bank ("Secured Lender") was granted trust deeds and assignments of rent in the real property and personal property described in Exhibit A ("Collateral").  Umpqua Bank is owed approximately $17,501,627.30 at the time its foreclosure complaint was filed.  The Debtor has valued the assets it seeks turnover at $3,860,000.  Therefore, Umpqua Bank is undersecured.

3.       On or about February 2, 2018, the debtor consented to the appointment of the receiver and an Order Appointing Receiver (Order) was entered by the Klamath County, Oregon Circuit Court. A copy of the Order is attached hereto as Exhibit B. The receiver has been in

MOTION FOR TURNOVER (CFO SOLUTIONS, LLC, RECEIVER) - **Page 2 of 6**

possession of all of the assets of the debtor since that time. The statutory basis for appointment of the receiver was the commencement of a judicial foreclosure by Secured Lender. The effect of such action would be to eliminate any opportunity for the debtor to pay its other creditors because there is no question that the value of the assets is less than the total debt owed to Secured Lender. This case was filed to stop the foreclosure and allow the debtor to recover the property it needs to reinstate its income producing ability so that it will be able to pay something to all of its creditors.

5. Since the filing of this case, the DIP has attempted to obtain the receiver's cooperation to turnover the assets. The receiver indicated it would not turnover the assets.

JURISDICTION

6. This Court has jurisdiction over this case under 28 U.S.C. §§ 157 and 1334. Venue of this case is properly in this District under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(E). The statutory predicate for the relief requested is 11 U.S.C. § 543(a).

BACKGROUND

7. The Debtor has been a farming partnership in the Klamath Basin for many years. Most recently, it encountered severe economic difficulties resulting from the decision of the partners to aggressively pursue the cultivation of organic crops. In order to pursue the expansion of its business into the organic crop market, it substantially increased its credit facility with Umpqua Bank, which was willingly supported by Umpqua Bank. This decision turned out to be unprofitable due to several factors, the most important of which was the depression of prices for organic products. Due to the substantially higher production costs, the depression in prices resulted in large losses from the sale of the organic products. The partners of the debtor are

keen ly aware that the volatility of the organic products market is to be avoided and their current farming plans will include only those conventional crops that can be produced predictably and profitably..

8.     The debtor has identified the land and equipment that it will need to farm profitably this year and into the future.  It does not seek the turnover of equipment that is specifically designed and used for the production of organic crops.  By value, the debtor seeks turnover of about one-half of the equipment now held by the receiver.  The remaining equipment should be liquidated by the receiver and the proceeds paid to Umpqua Bank to apply to its secured claim.  In addition to the return of equipment, the debtor seeks turnover of all of its real estate, which includes substantial improvements consisting of a home, office, barns, hay storage, and potato processing facilities, among others.  The debtor needs all of the assets described in this motion in order to operate profitably.

9.     The debtor in possession has filed its Motion for Authority to Use Cash Collateral (cash collateral motion) contemporaneously with this motion.  The cash collateral motion sets forth the projected costs and expenses to produce crops in this 2018 farm year, as well as the anticipated yields from each property to be farmed.  A reasonable profit is expected and justifies the turnover of the assets to the debtor in possession.

10.    The debtor previously consented to the appointment of the receiver because the partners believed that the debtor would secure sufficient sums from third party sources to purchase the assets from the receiver that it now seeks to obtain by turnover.  At no time did the debtor plan to cease farming.  It intended to recover its assets from the receivership by paying to the receiver, for the benefit of Umpqua Bank, the fair market value of those assets.  The debtor was unsuccessful obtaining the funds necessary to purchase the assets from the receiver.

MOTION FOR TURNOVER (CFO SOLUTIONS, LLC, RECEIVER) - **Page 4 of 6**

Therefore, the only means to recover the assets and continue its farming operation to pay something to all of its creditors is to obtain turnover from the receiver pursuant to Section 543.

11.     Without turnover, the perennial crops growing on a portion of the property, consisting of alfalfa hay, will not be irrigated as required and will therefore go "dormant". The result of a lack of irrigation will be the loss of at least one cutting and most likely two cuttings of the alfalfa this year. In order to prevent this, the debtor estimates that irrigation must be started before May 1.

12.     Without turnover, the debtor will not have access to the land to prepare it for planting this year. A delay in preparing the land for planting will, at a minimum, shorting the growing season for the numerous crops to be planted. At worst, the debtor will not be able to plant crops in time to obtain any yield at all. The debtor needs access to the land no later than April 20, 2018 to be able to properly prepare the ground for planting.

13.     Without turnover, the debtor will not have access to the equipment it requires to prepare potato seed for planting this year. The debtor needs access to that equipment no later than April 20 in order to be prepare sufficient potato seed to plant the volume of potatoes to meet its obligations on the contracts it expects to obtain this crop year.

BASIS OF REQUESTED RELIEF

14.     11 U.S.C. § 543(a) requires the receiver to turnover all assets of the debtor to the DIP. This court, in *In re Orchards Village Investments, LLC*, 450 B.R. 341 (Bankr. Or. 2009), set out three factors the court is to consider if turnover is opposed; "(1) whether there will be sufficient income to fund a successful reorganization; (2) whether the debtor will use the property for the benefit of its creditors; and (3) whether there has been mismanagement by the debtor." Based on the information set forth above, all three factors weigh in favor of turnover.

MOTION FOR TURNOVER (CFO SOLUTIONS, LLC, RECEIVER) - **Page 5 of 6**

WHEREFORE, the DIP requests that this Court order the receiver to turnover to the DIP all assets of the debtor in his possession.

DATED this 12th day of April, 2018.

THE LAW OFFICES OF KEITH Y. BOYD

By: /s/ Keith Y. Boyd
Keith Y. Boyd, OSB #760701
Of Attorneys for Debtor in Possession

Carleton Farms
Case No. 18-61140-tmr11
Exhibit A

| Trucks | Plate# | Vin# | |
|---|---|---|---|
| 2005 Peterbuilt | F164879 | 1XP5D49X75D865015 | |
| 1992 Frght | F173670 | 1FUYDDYBXNP517706 | |
| 1993 Frght | F167792 | 1FUY3LYB6PP426643 | |
| 1993 Frght | F164297 | 2FUYDXYB2PV499745 | |
| 1992 KW | F174114 | 1XKADR9X2NS568859 | |
| 1988 KW | F167095 | 1XKAD29X3JS502810 | |
| 1992 Peterbuilt | F167094 | 1XPCD69XOND314329 | |
| 1999 Frght | F163294 | 1FUYNMDB9XPB12638 | Condon |
| 2000 Frght | F164298 | 1FUYNMDB9YPF46866 | Condon |
| 1987 Frght-Cabover | F131470 | 1FUEYDYB9HP292464 | Dick's Blue |
| 1973 Frght-Cabover | F147999 | CA213HM074505 | |
| 1979  26' Sem TRL | | 7L93685006 | Hay Trailers-Blue |
| 1979 24' Sem TRL | | 7L93684007 | Hay Trailers-Blue |
| 1999 Lowboy | | 1W1AEK6G9XK230808 | |
| Van | | | |
| 1993 WESCO | HU70037 | 1WRSD3281PW934292 | Trailer |
| 1993 WESCO | HU70038 | 1WRFD3281PW934293 | Trailer |
| 2006 CORNHUSKER | | 1192C422X60007868 | Trailer |
| 1981 FreeHauf | | IH4V04522BJ025825 | Trailer |
| 2004 TIMPT | HS90579 | 1TDH400264B104947 | Trailer |
| 1984 Frght | F157622 | 2FUPYDYB7EV236615 | Fert Truck |
| 1975 INTL 1600 | NL67606 | 10662EHA28050 | Feed Truck |

**Hay Equipment-**
1 Hay Steamer
1 NH Swather
1 2006 Road Runner
1 2007 Road Runner
2 2027 - Rake
2 G 2
1 Hyster
1 NH Bale Wagon
2 Fluffer
1 Feed Wagon
1 Lease Baler
   Small Balers
1 JD Swather

| Pickups- | | | |
|---|---|---|---|
| 2016 Ford F350 | | 1FT8W3BT5GEB78025 | Jim's White Pickup |
| 2014 Ford F350 | F169337 | 1FT8W3BT8EEB19158 | Greg's Silver Pickup |
| 2008 Ford F350 | F159941 | 1FTWW31R88ED47694 | Greg's Maroon Pickup |
| 2011 Ford F350 | 197FGR | 1FT7W3BT7BEC41257 | Jim's Tan Pickup |

| | | | | |
|---|---|---|---|---|
| 2003 Ford F350 | 282EJJ | 1FTSW31P63EB38105 | Dick's White Pickup |
| 2011 Chevy 1500 | 220FGR | 1GCNKPEX6BZ440320 | |
| 2011 Chevy 1500 | 221FGR | 1GCNKPEX6BZ297045 | |
| 2011 Chevy 1500 | 222FGR | 1GCNKPEX3BZ373675 | |
| 2012 Chevy 1500 | 223FGR | 1GCNKPEX0CZ159938 | |
| 2005 Ford | | 1FTSX21P35EC67073 | |
| 2007 Ford F250 | 891 CYH | 1FTSW21P77EA35937 | |
| 2002 Ford F350 | T552209 | 1FTSX31F02ED42403 | Danny B |
| 1990 GMC | ZEA 096 | 1GDJC34N4LE544958 | Service Pickup |
| Blue Chevy Flatbed | | | |

**Tractors-**
8420
8345
8330
8130
7800
6420
7400
6110
2  2840
1086
986

**Implements-**
Falc Chopper
Paritil
JD Ripper
IH Chisel
IH Chisel
Disc
Rototiller
Spreader
Misc Harrows
Spray Tanks

**Pipe-**
Aluminum 3 x 40
Mainline
Plastic 3 x 30
Trailers

**Potato-**
2  Lockwood Windrower
1  Tub 600  Spudnik
1  Piler
1  Spudnik 30" Piler
6  Flal Conveyer
1  Short Conveyer
1  Tale Scope Conveyer

Exhibit A
Page 2 of 3

1 Seed Cutter
1 Small Tub
1 Planter-New
1 Cultivator
1 Tare Elevator
1 Scoopy
1 Scraper
1 Spreader

**Misc-**
Shop Tools & Supplies
All Parts & Fuel Tanks
All GPS Equipment
Electrical Cords

1

2

3

4 IN THE CIRCUIT COURT OF THE STATE OF OREGON

5 FOR THE COUNTY OF KLAMATH

6 UMPQUA HOLDINGS CORPORATION, dba
7 UMPQUA BANK, an Oregon chartered bank,      Case No. 17CV56444

8                            Plaintiff,
   v.

9 CARLETON FARMS, an unregistered Oregon      ORDER UPON STIPULATION APPOINTING
10 general partnership; RICHMOND JAMES         CFO SOLUTIONS, LLC AS RECEIVER
   CARLETON; JAMES ALFRED CARLETON;           OVER THE "BANK LOAN COLLATERAL,"
11 GREGORY    GEORGE    CARLETON;              AND ISSUING A PRELIMINARY
   CARLETON FARMS, LLC, an Oregon limited     INJUNCTION
12 liability company; JAMES CARLETON and
   GREGORY CARLETON, successor trustees of
13 the Alfred C. Carleton and Helen A. Carleton
   Trust dated July 25, 1985; GREGORY G.
14 CARLETON   and  CYNDEE  O.  SMITH-
   CARLETON, Trustees of the Carleton Family
15 Trust,  dated  October  27,  2016;  AGCO
   FINANCE LLC, a Delaware limited liability
16 company; DEERE & COMPANY, a Delaware
   corporation; WESTERN MILLING, LLC, a
17 California  limited  liability  company;  and
   BASIN FERTILIZER & CHEMICAL CO.,
18 LLC, an Oregon limited liability company,

19
                           Defendants.
20

21        This matter came before the Court on Plaintiff Umpqua Holdings Corporation, dba

22 Umpqua Bank ("**Bank**" or "**Plaintiff**") *Combined Motion and Memorandum in Support for (A)*

23 *Appointment of a Receiver, (B) Issuance of a Temporary Restraining Order, and (C) the*

24 *Subsequent Issuance of a Preliminary Injunction* (the "**Motion**"). In the Motion Bank requests,

Page 1 – Receivership Order

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

among other relief, the entry of an Order appointing CFO Solutions, LLC, a Utah limited liability company dba Advanced CFO ("**Advanced CFO**"), as the receiver for the "**Bank Loan Collateral**."

The "**Bank Loan Collateral**" is more particularly described as follows:

1.      The following personal property assets owned, individually or collectively or in whole or in part, by any of Carleton Farms, Richmond Carleton, James Carleton, Gregory Carleton, and Carleton Farms, LLC (collectively, the " **Carleton Defendants**"):

(a)      all accounts, accounts receivable, contract rights, documents, documents of title, payment intangibles, investment property, chattel paper, instruments, and checking, savings and all other deposit accounts;

(b)      all inventory;

(c)      all equipment;

(d)      all fixtures;

(e)      all farm products, including crops grown, growing or to be grown, livestock born or unborn, supplies used or produced in the Carleton Defendants' farming operation, and products of crops and livestock in their unmanufactured state;

(f)      all general intangibles, including all intellectual property ;

(g)      all deposit accounts, including any operating account at Umpqua Bank.;

(h)      all investment property now or hereafter acquired;

(i)      all proceeds of any crop insurance, price support payment or other government program;

(j)      accessions, attachments and other additions to the Bank Loan Collateral;

(k)      substitutes or replacements for any of the Bank Loan Collateral, all proceeds, products, rents and profits of any of the Bank Loan Collateral, all rights under warranties

Page 2 – Receivership Order

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

Case 18-61140-tmr11    Doc 9    Filed 04/12/18

and insurance contracts covering the Bank Loan Collateral, and any causes of actions relating to the Bank Loan Collateral; and

(l)     books and records pertaining to any of the Bank Loan Collateral, including but not limited to any computer-readable memory and any computer hardware and software necessary to process such memory; and

The real property, fixtures and improvements and related property, including leases and rents described in the following recorded documents:

(a)     That certain Deed of Trust dated May 2, 2016 and recorded in the Official Records of Klamath County, Oregon on May 5, 2016, as Instrument No. 2016-004564;

(b)     That certain Assignment of Rents dated May 2, 2016 and recorded in the Official Records of Klamath County, Oregon on May 5, 2016, as Instrument No. 2016-004565;

(c)     Two separate Agricultural Security Agreements dated May 2, 2016, between Carleton Farms, Richmond Carleton, James Carleton, and Gregory Carleton and Bank with the security interests described therein perfected by filing one or more UCC Financing Statements with the Oregon Secretary of State's office and by recording a UCC Financing Statement relative to the certain personal property collateral described therein in the Official Records of Klamath County, Oregon on May 5, 2016, as Instrument No. 2016-04566, which was subsequently amended pursuant to the terms of a UCC Financing Statement recorded in the Official Records of Klamath County, Oregon on April 13, 2017, as Instrument No. 2017-003855;

(d)     That certain Modification of Deed of Trust dated June 15, 2016 and recorded in the Official Records of Klamath County, Oregon on July 1, 2016, as Instrument No. 2016-006974;

(e)     That certain Second Modification of Deed of Trust dated June 26, 2017 and recorded in the Official Records of Klamath County, Oregon on August 3, 2017, as Instrument No. 2017-008754;

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

(f)     That certain Modification of Assignment of Rents dated June 26, 2017 and recorded in the Official Records of Klamath County, Oregon on August 3, 2017, as Instrument No. 2017-008755; and

(g)     That certain Third Modification of Deed of Trust dated June 26, 2017 and recorded in the Official Records of Klamath County, Oregon on October 6, 2017, as Instrument No. 2017-011381.

2.     As part of the motion, Bank also has requested that the Court enter a temporary restraining order and subsequent preliminary injunction in aid of the Receivership enjoining and restraining the Carleton Defendants, and each of them, and their agents, servants, employees, attorneys, and other persons and entities acting in concert or participation with them, or any of them, from, directly or indirectly, transferring, selling, leasing, disposing of, encumbering, injuring, converting, gifting or otherwise interfering with the Bank Loan Collateral without Bank's express prior written consent and the written consent of the Receiver, or further Order of the Court.

Based upon the Motion, the Declaration Matthew R. McKinlay, a member and authorized representative of the proposed Receiver, the other pleadings, papers and exhibits submitted in support thereof, and the arguments and evidence (if any) presented in support of the Motion, and good cause appearing therefore, the Court makes the following findings:

1.     Good and sufficient grounds exist to grant the Motion and appoint a receiver over the Bank Loan Collateral (exclusive of Parcel 9 described in the Real Estate Loan Trust Deed as more fully described as: Lot 16 in Block 2 of TRACT NO. 1099, ROLLING HILLS, according to the official plat thereof on file in the office of the County Clerk, Klamath County, Oregon), in that:

Page 4 – Receivership Order

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

Exhibit B
Page 4 of 28

Case 18-61140-tmr11    Doc 9    Filed 04/12/18

A.     It appears that Bank holds a properly perfected lien on and security interest against the Bank Loan Collateral;

B.     The Bank Loan Collateral secures the performance and payment of substantial monetary obligations owed by the Carleton Defendants to Bank;

C.     The monetary obligations owed by the Carleton Defendants to Bank have been accelerated and are payable in full, have not been paid, and are in default;

D.     The loans evidenced by the five promissory notes described in the Motion are due and payable in full, and events of default have occurred concerning those loans.  Bank is owed over $17,000,000.00 on the five outstanding loans to the Carleton Defendants; Bank has made demand for payment in full, and the outstanding balance of each loan remains due and owing.

E.     The provisions of each security agreement executed by the Carleton Defendants that secures all indebtedness owed by the Carleton Defendants to Bank provides that upon the occurrence of an event of default, which has occurred here with respect to all five loans due and owing to Bank, Bank may have a receiver appointed by any court of competent jurisdiction to take possession of the Bank Loan Collateral described therein.

F.     Similarly, the Real Estate Loan Trust Deed, as modified, states that upon the occurrence of an event of default, which has occurred here with respect to all five loans to the Carleton Defendants, Bank may have a receiver appointed by any court of competent jurisdiction to take possession of the Bank Loan Collateral described therein.

G.     The Bank Loan Collateral consists, in part, of perishable assets such as livestock and other farm products, such as grains, potatoes and other commodities.  Moreover, the Bank Loan Collateral consists of numerous items of equipment that are depreciating in value, and which

Page 5  – Receivership Order

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

1 also may not be insured or protected. The Bank Loan Collateral also consists of rents and account

2 receivables that can be easily diverted and siphoned off. In short, the Bank Loan Collateral is

3 perishable and is in danger of being lost, impaired, destroyed or dissipated without a receiver

4 being appointed to oversee it.

5 H. The Carleton Defendants appear to be insolvent. Under the Uniform Commercial

6 Code, as adopted in Oregon, "insolvent means: (i) having generally ceased to pay debts in the

7 ordinary course of business other than as a result of bona fide dispute; (ii) being unable to pay

8 debts as they become due; or (iii) being insolvent within the meaning of federal bankruptcy law."

9 ORS 71.2010(w). Federal bankruptcy law, in turn, says insolvency includes a "financial condition

10 such that the sum of such entity's debts is greater than all of such entity's property, at a fair

11

12 valuation . . . ." 11 U.S.C. § 101(32).

13 Recent inspections and appraisals of the Bank Loan Collateral obtained by Bank indicate

14 that the aggregate market value of the Bank Loan Collateral is approximately $13,398,350.00. The

15 Declaration of John Sugar filed in support of the Bank's motion for the appointment of a receiver

16 states that the aggregate unpaid balance due from the Carleton Defendants to Bank under the five

17 promissory notes referenced in the Bank's Amended Complaint is $17,501,627.28 plus additional

18 accrued interest and costs. If Bank's claim for conversion proves to be valid then the amount of

19 said indebtedness is increased to an even greater amount. In short, the information provided to the

20 Court indicates that the indebtedness owed by the Carleton Defendants to Bank exceeds the value

21 of the Bank Loan Collateral by approximately $4,103,277.28.

22

23 2. The failure to appoint a receiver in this action over the Bank Loan Collateral could

24 result in the immediate and irreparable injury, loss, or damage to Bank's interest in the Bank Loan

Page 6 – Receivership Order

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

Collateral.

3. The appointment of a receiver over the Bank Loan Collateral is reasonably necessary to preserve and protect the Bank Loan Collateral, and to insure that the Bank Loan Collateral is not lost, dissipated, damaged or commingled.

5. Other potential remedies, including legal remedies, are either unavailable or inadequate.

6. With respect to Bank's request for injunctive relief, injunctive relief is appropriate in that:

A. Bank likely will suffer irreparable harm unless the Court grants Bank injunctive relief;

B. The harm to the Defendants from being restrained or enjoined by the Court, if any, is outweighed by the harm that Bank will incur if injunctive relief is not granted;

C. The injunctive relief requested by Bank is in the public interest; and

D. There is a substantial likelihood that Bank will prevail on (a) the merits of its underlying claims against the Carleton Defendants, and (b) the merits of its request that the Court appoint a receiver over the Bank Loan Collateral thereby also preserving the lien rights of other named defendants in this action such as AGCO Finance LLC and Deere & Company who appear to have a first priority purchase money security interest in various items of equipment referenced in their UCC Financing Statements filed with the Oregon Secretary of State's office and Basin Fertilizer & Chemical Co., LLC, who may have a first priority lien in certain farm products referenced in one or more Notices of Claim of Agricultural Services Lien filed with the Oregon Secretary of State's office.

Page 7 – Receivership Order

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

1       10.     Furthermore, it appears that Bank is entitled to the relief demanded in its Amended

2 Complaint and, without the entry of injunctive relief in this action; any judgment rendered by the

3 Court could be ineffectual.

4       11.     Notice as required by Oregon law has been properly and timely given to all parties

5 entitled to such notice.

6       12.     The Defendants have all consented to the appointment of a Receiver over the

7 Collateral as evidenced by their written consents on file with the Court in this action.

8       Based upon the foregoing findings of fact, and such other facts as the Court made upon the

9 records, which are incorporated herein by this reference, and pursuant to ORCP 79, 80, 82 and the

10 Receivership Code now in effect, it is hereby **ORDERED, ADJUDGED AND DECREED,** as

11 follows:

12

13       **1.**     **APPOINTMENT OF RECEIVER.** Advanced CFO ("**Receiver**"), whose office

14 is located at 13601 West McMillan Road, Suite 102, PMB 320, Boise, Idaho 83713; Telephone:

15 (208) 724-2257; Facsimile: (208) 489-2501; email: mmckinlay@advancedcfo.com, shall be, and

16 hereby is, appointed as receiver over the Collateral, on the further terms and conditions of this

17 Order.

18       As a condition to the effectiveness of this Order and the Receiver's appointment, the

19 Receiver shall post a Receiver's bond in the amount of $250,000.00. The Receiver is authorized

20 to act by and through its agents, representatives and employees. During the term of the Receiver's

21 appointment, and until further order of the Court, the Collateral shall remain under the Court's

22 exclusive jurisdiction. The Receiver is not interested in this action and is competent and qualified

23 to act as the receiver over the Collateral. The Court has exclusive authority over the Receiver.

24

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

The Receiver shall not be subject to the control of any other parties to this matter, but shall be subject only to the Court's direction in the fulfillment of the Receiver's duties.

A. At all times until the Receiver is discharged by the Court, the Receiver shall maintain errors and omissions insurance with a policy limit of at least $500,000.00 per claim.

B. The Receiver shall file with the Court and serve on all parties in interest a monthly report of the receivership's operations and financial affairs. The Receiver shall file each report not later than 30 days after the end of a reporting period, which reporting period shall be each calendar month. The Receiver must file and serve his initial report by no later than 60 days after the date of entry of this Order.

2. **INCORPORATION OF OREGON RECEIVERSHIP CODE**. The Oregon Receivership Code (the "**Receivership Code**"), which was approved by the Oregon Legislature and subsequently signed by the Governor on June 14, 2017 and became effective on January 1, 2018 is expressly incorporated herein by this reference. To the extent of any inconsistency between the terms, conditions and requirements of this Order and the terms, conditions and requirements of the Receivership Code, the Receivership Code shall control.

3. **SUBJECT TO APPLICABLE LAW THAT EXCLUDES CERTAIN TYPES OF COLLATERAL, ALL BANK LOAN COLLATERAL IS HEREBY PLACED IN THE POSSESSION OF THE RECEIVER, AND UNDER THE COURT'S CONTROL, PENDING FURTHER ORDERS OF THE COURT.** The Receiver, as an officer of this Court, shall have and take possession, custody and control, either physically or constructively as determined by the Receiver in his, her or its sole and absolute discretion, and subject to all existing and valid liens, claims and encumbrances of secured or lien creditors (including all liens and

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

claims of Bank) of the Bank Loan Collateral, and any and all rents, income, profits or proceeds of the Bank Loan Collateral (including but not limited to all cash, checks and credit card receipts), both tangible and intangible and both choate and inchoate, whether now existing or after-acquired, and any and all books and records related to the Bank Loan Collateral (hereinafter the "**Receivership Estate**").

The Receivership Estate includes, but is not necessarily limited to, the following types or categories of personal property and real property assets of the Carleton Defendants, or in which any or all of the Carleton Defendants have an interest, whether legal or equitable (but <u>specifically excluding</u> (a) personal property of any individual Defendant that is used primarily for personal, family or household purposes, (b) property of an individual Defendant that is exempt from execution or process under laws of this state, (c) any power or interest that a person may exercise solely for the benefit of another person, or (d) property held in trust for another person:

      (a)     all accounts, account receivables, contract rights, documents, documents of title, payment intangibles, investment property, chattel paper, instruments, checking, savings and all other deposit accounts;

      (b)     all inventory;

      (c)     all equipment;

      (d)     all fixtures;

      (e)     all farm products, including crops grown, growing or to be grown, livestock born or unborn, supplies used or produced in the Carleton Defendants' farming operation, and products of crops and livestock in their unmanufactured state;

      (f)     all general intangibles, including all intellectual property;

      (g)     all deposit accounts, including any operating account at Bank;

      (h)     all investment property;

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

1        (i)     all proceeds of any crop insurance, price support payment or other

2 government program;

3        (j)     accessions, attachments and other additions to the Bank Loan Collateral;

4        (k)     substitutes or replacements for any of the Bank Loan Collateral, all

5 proceeds, products, rents and profits of any of the Bank Loan Collateral, all rights under warranties

6 and insurance contracts covering the Bank Loan Collateral, and any causes of actions relating to

7 the Bank Loan Collateral; and

8        (l)     books and records pertaining to any of the Bank Loan Collateral, including

9 but not limited to any computer-readable memory and any computer hardware and software

10 necessary to process such memory, whether kept by independent certified public accountants,

11 bookkeepers, and/or employees or contractors of the Carleton Defendants; and

12      The real property, fixtures and improvements and related property, including leases and

13 rents, described in the following recorded documents:

14        (a)     That certain Deed of Trust dated May 2, 2016 and recorded in the Official

15 Records of Klamath County, Oregon on May 5, 2016, as Instrument No. 2016-004564;

16        (b)     That certain Assignment of Rents dated May 2, 2016 and recorded in the

17 Official Records of Klamath County, Oregon on May 5, 2016, as Instrument No. 2016-004565;

18        (c)     Two separate Agricultural Security Agreements dated May 2, 2016,

19 between Carleton Farms, Richmond Carleton, James Carleton, and Gregory Carleton and Bank

20 with the security interests described therein perfected by filing one or more UCC Financing

21 Statements with the Oregon Secretary of State's office and by recording a UCC Financing

22 Statement relative to the certain personal property collateral described therein in the Official

23 Records of Klamath County, Oregon on May 5, 2016, as Instrument No. 2016-04566, which was

24 subsequently amended pursuant to the terms of a UCC Financing Statement recorded in the

25 Official Records of Klamath County, Oregon on April 13, 2017, as Instrument No. 2017-003855;

Page 11 – Receivership Order

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

(d)     That certain Modification of Deed of Trust dated June 15, 2016 and recorded in the Official Records of Klamath County, Oregon on July 1, 2016, as Instrument No. 2016-006974;

(e)     That certain Second Modification of Deed of Trust dated June 26, 2017 and recorded in the Official Records of Klamath County, Oregon on August 3, 2017, as Instrument No. 2017-008754;

(f)     That certain Modification of Assignment of Rents dated June 26, 2017 and recorded in the Official Records of Klamath County, Oregon on August 3, 2017, as Instrument No. 2017-008755; and

(g)     That certain Third Modification of Deed of Trust dated June 26, 2017 and recorded in the Official Records of Klamath County, Oregon on October 6, 2017, as Instrument No. 2017-011381.

**4.      POWERS AND DUTIES OF RECEIVER WITH RESPECT TO THE RECEIVERSHIP ESTATE**.  With respect to the Receivership Estate, the Receiver is granted all powers and is charged with all duties granted or imposed by the Receivership Code, including but not limited to the following powers and duties:

A.      To enter upon and take possession, custody and control of the Receivership Estate, whether tangible or intangible, and all income, proceeds and profits thereof, with the power and authority to preserve, protect, and liquidate those assets and to distribute the proceeds thereof to the party or parties legally entitled thereto;

B.      To seize and collect any and all funds or other assets which constitute income, proceeds or profits of the Receivership Estate, in whatever form and wherever located, including

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

but not limited to any and all cash, deposits, accounts, bank accounts, other cash accounts or cash

equivalents, and lock box funds, and to change the signatory authority on all such accounts related

to the Receivership Estate, with the power and authority to distribute such income, proceeds or

profits to the party or parties legally entitled thereto;

       C.     To present or otherwise process for payment any checks, money orders, credit card

receipts or payments or other forms of payment made payable to the Carleton Defendants, or any

of them, which constitute rents, profits, income, or proceeds of the Receivership Estate, endorse

the same and collect the proceeds thereof, such proceeds to be held, used and maintained as

elsewhere provided herein;

       D.     To open and utilize bank accounts for receivership funds relating to the

Receivership Estate, with such funds to be held in a federal insured financial institution with an

office in Boise, Idaho;

       E.     Subject to further requirements of this Order and any requirements of the

Receivership Code, and in the Receiver's business discretion, to hire, employ or contract with

third parties to access computer files related to the Receivership Estate, which are password

protected or not otherwise readily accessible to the Receiver;

       F.     To have and collect all rents, income, proceeds or other profits generated by or

from the Receivership Estate, and to deposit the same into one or more bank or other financial

accounts controlled by the Receiver;

       G.     To take any and all other actions with respect to the Receivership Estate, including

managing its employees (if any), assets, vendors, creditors, debtors, tenants, customers and third-

parties which in the Receiver's business discretion the Receiver finds to be reasonably necessary

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

and prudent to preserve and protect the Receivership Estate, and to avoid any diminution or impairment to the value of the Receivership Estate, which may include, but is not limited to, the following:

1. Expending any cash or other income generated from the Receivership Estate;

2. Paying for maintenance and operating expenses and taxes;

3. Prosecuting and defending legal actions in respect of the Receivership Estate;

4. Subject to the requirements of this Order and any requirements of the Receivership Code, employing attorneys, accountants, investigators, consultants, and any other persons or entities deemed necessary by the Receiver to assist the Receiver in the discharge of the Receiver's duties under this Order, with the costs of such services to be paid out of the Receivership Estate in the ordinary course of business as and when invoiced, so long as the fees charged for such services are deemed by the Receiver to be usual and customary;

5. The Receiver shall give notice to Bank, Defendants and all other interested parties of the fees to be paid and expenses to be reimbursed to the Receiver and its professionals on a monthly basis, and shall be authorized to make such payments unless the Receiver receives a written objection within fourteen (14) days of such notice. If an objection is received, the Receiver may pay any fees and reimburse any expenses not subject to objection, and may promptly file a motion with the Court to have such objection heard and ruled upon;

6. Subject to and limited by any contrary requirements set forth in the Receivership Code, purchasing such merchandise, materials, supplies, and services as the Receiver

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

deems necessary and advisable to assist the Receiver in performing the Receiver's duties

hereunder, and to pay therefore the ordinary and usual rates and prices in the ordinary course,

*provided, however*, that the Receiver shall obtain the prior approval of the Court after appropriate

notice to parties in interest for any singular transaction which will cost the Receivership Estate

more than $10,000.00;

    7.    Subject to and limited by any contrary requirements set forth in the

Receivership Code, transferring, disposing of, selling and/or abandoning any tangible or

intangible assets of the Receivership Estate, including but not limited to any accounts, contract

rights, documents, documents of title, payment intangibles, investment property, chattel paper,

instruments, deposit accounts, inventory, equipment, farm products (including crops grown,

growing or to be grown, supplies used or produced in farming operations, and products of crops in

their unmanufactured state), general intangibles (including all intellectual property as defined in

the Bank Loan Documents), trade secrets, trade processes and business lines, *provided, however*,

that the Receiver shall obtain the prior approval of this Court after appropriate notice to parties in

interest respecting the proposed terms of any such dispositions if the aggregate book value or

market value of the same is reasonably believed by the Receiver to be greater than $10,000.00;

    8.    Investigating the Receivership Estate and, in the Receiver's business

discretion, preparing such additional report or reports (beyond those required by this Order) that

the Receiver determines to be necessary and proper;

    9.    Subject to and limited by any contrary requirements set forth in the

Receivership Code, entering into or modifying contracts affecting any part or all of the

Receivership Estate, including, without limitation, employment contracts, independent contractor

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

Exhibit B
Page 15 of 28

agreements, leases, daily rental agreements, and service agreements, *provided, however*, that the

Receiver shall obtain the prior approval of this Court after appropriate notice to parties in interest

respecting the proposed terms of any such contracts or modifications of such contracts if the

aggregate costs of the contracts or the modifications over their term are reasonably expected by the

Receiver to be greater than $10,000.00, and *provided further, however,* that subject to the

foregoing dollar limitation the Receiver shall not be required to seek or obtain any prior approval

of this Court prior to entering into any sales transactions involving farm products (including cattle,

crops grown, growing or to be grown, supplies used or produced in farming operations, and

products of crops in their unmanufactured state) so long as the terms of any such sales transactions

are determined by the Receiver in the Receiver's business discretion to be usual and customary

and in the ordinary course of the Carleton Defendants' business;

       10.    Subject to and limited by any contrary requirements set forth in the

Receivership Code, paying and discharging out of the funds and assets coming into the hands of

the Receiver all of the costs and expenses of the Receivership Estate, including all taxes,

governmental assessments and charges lawfully imposed upon the Receivership Estate, *provided,*

*however,* that the Receiver shall obtain the prior approval of the Court after appropriate notice to

parties in interest for any singular transaction or expense which will cost the Receivership Estate

more than $25,000.00;

       11.    Applying for, obtaining, and paying any reasonable fees for any lawful

license, permit or other governmental approval relating to the Receivership Estate; confirming the

existence of and, to the extent permitted by law, exercising the privileges of any existing license or

permit; and doing all things necessary to protect and maintain such licenses, permits and

Page 16 – Receivership Order

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

Case 18-61140-tmr11   Doc 9   Filed 04/12/18

approvals, subject to the further provisions of this Order;

12.      Hiring, firing, selecting and retaining employees and independent contractors as the Receiver deems reasonable or necessary to preserve and maintain the value of the Receivership Estate;

13.      Notifying all federal and state taxing and applicable regulatory agencies in accordance with any applicable laws imposing this duty, including 26 U.S.C. § 6036;

14.      Presenting or recording a certified copy of this Order to all appropriate governmental entities as proof of the Receiver's authority hereunder;

15.      The Receiver may issue demand that the U.S. Postal Service grant exclusive possession and control of mail, including postal boxes, as may have been used by Carleton Defendants and may direct that certain mail related to the Bank Loan Collateral be re-directed to the Receiver;

16.      In discharging its above duties, the Receiver may avoid administering unsecured claims or providing notice to unsecured creditors or filing a plan of distribution if, in the Receiver's business judgment, no purpose would be served thereby; and

17.      The Receiver is authorized to seek the assistance of the County Sheriff or other law enforcement officials as necessary or proper to preserve the peace and protect the Receivership Property, the Bank Loan Collateral, and to enforce this Order. The Sheriff of Klamath County, Oregon, is hereby authorized and directed to assist in the enforcement of the terms of this Order as may be requested by the Receiver. The Sheriff of every other county in the state of Oregon is similarly authorized and directed to assist in the enforcement of the terms of this Order as may be requested by the Receiver to the extent any of the Receivership Property is found

Page 17 – Receivership Order

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

1  or located in said county and/or to the extent any person holding any portion of the Receivership

2  Property or otherwise failing to comply with the terms of this Order is found or located in said

3  county.

4      **5.**     **RECEIVER COMPENSATION AND OTHER MATTERS.** The Receiver

5  shall:

6      A.     Be compensated in the ordinary course of business at the rate of $275.00 per hour

7  for Matthew McKinlay, plus the prevailing hourly rates, which shall not exceed $275.00 per hour,

8  for all Advanced CFO project managers, associates and staff, which rates will be subject to annual

9  increases of not more than ten percent (10%) per year on January 1 of each calendar year while

10 this receivership remains open, plus actual out of pocket expenses reimbursable at cost with no

11 markup, for services as Receiver herein; *provided, however,* that any such compensation paid to

12 the Receiver for such services shall be subject to the notice and approval provisions set forth in the

13 Receivership Code and this Order;

14     B.     Retain originals and/or legible electronic copies of all writings and other documents

15 which were used or referred to in order to prepare the statements under the foregoing paragraphs

16 of this Order, including, but not limited to, checks, contracts, agreements, and invoices.

17     C.     Subject to the requirements for the employment and compensation of professionals

18 found in the Receivership Code, nothing in this Order shall preclude the Receiver from hiring

19 professionals and third-party providers or vendors to assist the Receiver in the performance of the

20 Receiver's duties under this Order, so long as the fees charged for such services are deemed by the

21 Receiver in the Receiver's business discretion to be usual and customary in the locality where the

22 services are to be found, and any compensation for such services are subject to subsequent review

Page 18 – Receivership Order

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

1   and approval of this Court after appropriate notice to parties in interest.

2          Subject to the Carleton Defendants cooperating with the Receiver in good faith, during the

3   first sixty days of the Receivership Estate the Receiver is authorized to pay the Carleton

4   Defendants, in the aggregate, the sum of $10,000.00 per month (two months) in consideration for

5   their cooperation in providing information to the Receiver regarding the location and status of all

6   Bank Loan Collateral, all records relating to the Bank Loan Collateral, and such other information

7   as may be requested by the Receiver. The first monthly payment shall be due within five (5)

8   business days of the effective date of this Order and one-half of the second monthly payment be

9   due and payable on the thirtieth (30th) day following the effective date of this Order with the

10  remaining one-half of the second monthly payment becoming due and payable on the sixtieth

11  (60th) day following the effective date of this Order. Thereafter, to the extent one or more of the

12  Carleton Defendants provides services to the Receivership Estate upon the express request of  the

13  Receiver, the Carleton Defendants, in the aggregate, shall be compensated at the rate of $275.00

14  per hour for such services, plus actual out of pocket expenses reasonably incurred reimbursable at

15  cost with no markup, *provided, however,* that any such compensation paid to the Carleton

16  Defendants for such services and reimbursement of actual expenses shall be subject to the notice

17  and approval provisions set forth in the Receivership Code and this Order.

18          **6.      FURTHER POWERS GRANTED TO RECEIVER.**  The Receiver is further

19  empowered and authorized to generally do such other things as may be necessary or incidental to

20  the specific powers, directions, and general authorizations set out in this Order, including any and

21  all actions permitted or authorized by the Receivership Code or Oregon common law, and may

22  take any further actions relating to the Receivership Estate that are necessary and appropriate to

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

fulfill the Receiver's duties hereunder beyond the scope contemplated by the provisions set forth

above, *provided however,* that the Receiver obtains the prior approval from this Court for any such

additional actions after appropriate notice to parties in interest.

7. **GRANT OF IMMUNITY.** To the fullest extent allowed by law, and except as

may otherwise be provided under the Receivership Code dealing with the personal liability of a

receiver, the Receiver and the Receiver's agents, attorneys, consultants and employees, shall be

immune from and shall be held harmless from and against any and all suits, liabilities, claims,

losses, lawsuits, judgments, and/or expenses, including but not limited to attorney fees', costs and

monetary damages, arising out of or related to, either directly or indirectly, his, her, it's or their

performance of duties or obligations pursuant to the terms of this Order.

8. **RECEIVERSHIP LOANS AND ADVANCES.** If the Receivership Estate does

not generate sufficient revenue following the appointment of the Receiver sufficient to pay the

operating expenses and approved charges and expenses of the Receiver and the fees and expenses

of any attorneys, accountants, or other professionals employed by the Receiver in accordance with

the requirements of this Order, the Receiver may and is hereby authorized without further order of

the Court to borrow money from Bank in order to pay such expenses. All funds borrowed from

the Bank shall be deemed to be borrowings of the Carleton Defendants under one or more loans

and related security documents described in the Amended Complaint and Motion as determined by

the Bank in its sole discretion, and said borrowings shall be added to the balance due and owing

under the applicable loan(s) and secured by the Bank Loan Collateral. The Receiver may execute,

issue and deliver (but is not required to do so to effectuate the prior sentence) in favor of Bank one

or more promissory notes or other instruments and documents evidencing the additional

Page 20 – Receivership Order

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

1 indebtedness with respect to all sums borrowed by the Receiver on behalf of the Carleton

2 Defendants.  All sums advanced by Bank to the Receivership Estate pursuant to this Order,

3 together with interest thereon at the rates set forth in the applicable loan documents, shall be

4 secured by Bank's existing liens on and security interests in the Bank Loan Collateral, and

5 otherwise shall constitute a first and senior lien with respect to all such assets exclusive of first

6 priority purchase money security interests and first priority statutory liens in favor of other named

7 Defendants.  In addition, all funds that the Receiver borrows from Bank shall be deemed

8 administrative expenses of the Receivership Estate.  The Receiver, however, shall bear no

9 obligation or responsibility for repayment of any such loans or advances.

10

11        **9.        FILING OF TAX RETURNS FOR THE DEFENDANTS.**  Notwithstanding any

12 other term or provision of this Order, the Receiver shall be under no obligation to file any tax

13 returns or other governmental returns or forms for or on behalf of the Defendants.  Upon

14 reasonable notice to the Receiver, the Receiver shall provide to the Defendants and their

15 authorized representatives reasonable access to financial information necessary for the Defendants

16 to prepare and file such governmental returns or forms.

17        **10.        PAYMENTS TO BANK.**  Notwithstanding any other provisions of this Order, the

18 Receiver may distribute to Bank as soon as reasonably practicable all surplus cash of the

19 Receivership Estate, not reasonably necessary for the operation and administration of the

20 Receivership Estate (including any reserves the Receiver believes are appropriate), as well as all

21 income, profits and proceeds resulting from the sale of the Bank Loan Collateral upon which Bank

22 has a lien or security interest, after such notice and hearing as may be required by this Order or the

23 Receivership Code. Bank shall apply all distributions received from the Receiver to the

24

Page 21  – Receivership Order

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

outstanding indebtedness due Bank from the Carleton Defendants under the terms of the promissory notes, security agreements, assignment of rents, trust deed and related loan agreements described in the Amended Complaint and the Motion.

11.   **FURTHER ORDERS.** The Receiver or the parties hereto may at any time apply to this Court for any further orders or other instructions and powers necessary to enable the Receiver to perform its duties properly.  Any motion by the Receiver or the parties hereto for Court approval of any act of the Receiver shall be served on each party hereto and each other person who has filed and served on the Receiver a request for special notice.  Further, the Receiver may file requests for special notice on behalf of any party; however, such requests filed by the Receiver shall not be deemed consents to the jurisdiction of this Court.  In addition to service by mail or hand-delivery, service in this action may be made by facsimile or electronic mail. Notwithstanding any provision of this Order requiring Court approval of any act of the Receiver, the Receiver may nonetheless undertake an action without prior Court approval if the Receiver obtains the written consent of each party hereto and each other person who has filed and served on the Receiver a request for special notice.  Such acts shall, as soon as practicable thereafter, be identified to the Court.

12.   **RESTRAINING ORDER/NON-INTERFERENCE WITH RECEIVER.**  It is hereby further ordered that Defendants, and each of them, and any other parties with actual or constructive notice of this Order who are subject to the jurisdiction of this Court, including, without limitation, Defendant's agents, servants, employees, attorneys, and other persons and entities acting in concert or participation with them, or any of them, are hereby enjoined and restrained from, directly or indirectly, transferring, selling, leasing, disposing of, encumbering,

Page 22 – Receivership Order

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

injuring, converting, gifting or otherwise interfering with the Bank Loan Collateral without Bank's express prior written consent and the written consent of the Receiver, or further Order of the Court, including but not limited to from taking or engaging in the following actions:

A. Interfering, directly or indirectly, with the Receiver or the Receiver's custody and control of the Receivership Estate, including, without limitation, withholding access codes and computer passwords;

B. Interfering, directly or indirectly, with the Receiver's effort to collect or take possession of the Receivership Estate, or the rents, income, profits or proceeds thereof;

C. Collecting or attempting to collect the Receivership Estate, or the rents, income, profits or proceeds thereof, other than at the written direction of the Receiver;

D. Extending, dispersing, transferring, assigning, selling, conveying, devising, pledging, mortgaging, creating a security interest in or disposing of the whole or any part of the Receivership Estate or the rents, income, profits or proceeds thereof, without the prior written consent of the Receiver;

E. Taking any actions which would damage or dissipate the assets of the Receivership Estate; and/or

F. Doing any act which will, or which will tend to, impair, defeat, divert, prevent or prejudice the preservation of the Receivership Estate and the rents, income, profits or proceeds thereof, or this Court's jurisdiction over the Receivership Estate.

Furthermore, the Carleton Defendants, and all of them, shall (subject to the remainder of this Section 12):

A. Within five (5) business days of the effective date of this Order, deliver to the

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

1  Receiver all Bank Loan Collateral, and all income, proceeds, rents and profits received from the

2  Bank Loan Collateral;

3       B.      Within five (5) business days of the effective date of this Order, supply the

4  Receiver with information necessary to enable the Receiver to complete any schedules that the

5  Receiver may be required to file, and otherwise assist the Receiver in the completion of the

6  schedules;

7       C.      Within five (5) business days of the effective date of this Order, provide the

8  Receiver with all books and records referring or relating to the Bank Loan Collateral;

9       D.      Within five (5) business days of the effective date of this Order, provide the

10 Receiver with copies of such financial and business records of the Carleton Defendants as the

11 Receiver may request; and

12

13      E.      Submit, by and through their most knowledgeable representatives, to an

14 examination by the Receiver or Bank, under oath and subject to penalty of perjury, concerning the

15 acts, conduct, property, liabilities and financial condition of or concerning the Receivership Estate,

16 or any matter relating to the Receiver's administration of the Receivership Estate;

17 PROVIDED HOWEVER, that if Carleton Defendants, or any of them, are after reasonable

18 diligence unable to fully perform any or all of the above items by the stated deadlines, the party or

19 parties responsible for such performance shall not be deemed in violation of this Order so long as

20 such party or parties commence performance within the stated period (or with reasonable

21 promptness as to item E) and diligently prosecute the same to completion.

22

23      **13.    UTILITY SERVICES.** Any utility company providing services to the

24 Receivership Estate, including gas, electricity, water, sewer, trash collection, telephone,

Page 24 – Receivership Order

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

1  communications or similar services, shall be prohibited from discontinuing service to the

2  Receivership Estate for any non-payment by the Carleton Defendants prior to the Receiver's

3  appointment by this Court based upon unpaid bills incurred by the Carleton Defendants.  Further,

4  such utilities shall transfer any deposits held by the utility to the exclusive control of such Receiver

5  and shall be prohibited from demanding that the Receiver deposit additional funds in advance to

6  maintain or secure such services.  To the extent the Receiver deems it prudent in the Receiver's

7  business discretion, the Receiver may, but shall not be required to, open new utility accounts in the

8  name of the Receivership.  Utility companies are prohibited from discontinuing service while the

9  new Receivership accounts are in process of being established.

10  

11  **14.    AUTOMATIC STAY.**  The automatic stay of certain proceedings imposed by

12  Section 22 of the Receivership Code shall be in effect upon entry of this Order except as to Bank

13  including, without limitation, the continuance of the above-entitled action or any other action or

14  proceeding brought by Bank to enforce its rights under the loan and security documents related to

15  the Bank loans described in the Amended Complaint.

16  Further, except as expressly authorized herein or under the Receivership Code, no person

17  or entity shall file suit against the Receiver or its agents or professionals, or take other action

18  against the Receiver or its agents or professionals, without an order of this Court permitting the

19  suit or action after appropriate notice to parties in interest, *provided, however*, that no prior court

20  order is required to file a motion in this action to enforce the provisions of this Order or any other

21  order of this Court in this action and, *provided, further,* that nothing set forth herein shall preclude

22  or prejudice any party from asserting claims in this proceeding, provided that adjudication of such

23  claims shall be subject to any agreements executed by or affecting any party.  All defenses to such

24  

Page 25 – Receivership Order

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

claims are reserved and unaffected by this paragraph.

To the extent the Court allows any such litigation against the Receiver or its agents or professionals to proceed, the costs and expenses of defending such litigation may be paid from the Receivership Estate, except to the extent that the Court expressly determines otherwise in the order authorizing such litigation.  Further, Bank shall indemnify the Receiver for and hold the Receiver harmless from any and all actions, causes of action, claims, costs, damages, liabilities, or expenses, including reasonable attorney fees (collectively, "**Claims**") incurred by the Receiver by reason of, during, and/or arising from its appointment and service as receiver, except to the extent that they arise from the Receiver's bad faith, gross negligence, willful malfeasance, reckless disregard of duty or fraud, excluding any Claims to the extent same are covered and satisfied by insurance. The Receiver shall promptly provide Bank with written notice of any Claims, litigation or other proceedings under which the Receiver shall request a defense and/or indemnification.  If and to the extent that Bank agrees to defend and/or indemnify the Receiver as requested, Bank shall have the exclusive right to (a) select counsel and any other professionals to represent the Receiver and its agents or professionals, and (b) settle, compromise or otherwise resolve any such Claims, litigation or other proceedings.  Further, the Receiver and its agents and professionals shall fully cooperate with Bank and Bank's professionals with respect to any such defense or indemnification matters.

15.     **TURNOVER.**  It is hereby further ordered that Defendants, and any other parties with actual or constructive notice of this Order who are subject to the jurisdiction of this Court, including, without limitation, Defendant's managers, officers, directors, employees, agents, representatives, attorneys and consultants, and all persons or entities acting for or in concert with them, shall:

Page 26 – Receivership Order

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

A.     Turn over to the Receiver the Bank Loan Collateral that is included in the
Receivership Estate, the rents, income, profits and proceeds there from, and all other property
incidental thereto or that is or may be necessary or useful to allow and assist the Receiver in
operating or in collecting the property and assets of and relating to the Receivership Estate,
including, but not limited to, all mail and other correspondence, all post office boxes, all keys to
all locks, and the contracts, records, books of account, ledgers, files and all business records for
the Bank Loan Collateral or the Receivership Estate or the rents, income, profits or proceeds
thereof, wherever located and in whatever mode maintained (including, without limitation,
information contained on computers and any and all software relating thereto as well as all
banking records, statements and canceled checks); and

B.     Turn over to the Receiver all documents which constitute or pertain to all contracts,
leases, subleases, royalty agreements, assignments, insurance policies, liens, security interests,
licenses, permits or governmental approvals, or other agreements of any kind whatsoever, whether
currently in effect or lapsed, which relate to the Bank Loan Collateral or the Receivership Estate or
any interest therein, or to the rents, income, profits or proceeds there from.

**16.     DISCHARGE OF RECEIVER.**  The Receiver may at any time file a motion
requesting that the Receiver be exonerated, discharged and/or released from the Receiver's
appointment under this Order.  Such motion may be heard by the Court on no less than five (5)
business days' notice.  The receivership shall not be terminated, and the rights and obligations of
the parties subject to this Order shall remain in full force, until this Court approves the Receiver's
final report or until the Court enters an order terminating the receivership and discharging the
Receiver.

Page 27 – Receivership Order

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

1    **17.    EFFECTIVE DATE OF ORDER.**   This Order shall be effective when signed

2    and upon the posting of the Receiver's Bond in the amount of $250,000.00 as required by the

3    terms of this Order.

4                                                                Signed: 2/2/2018 10:33 AM

5

6                                                         **Circuit Court Judge Cameron F. Wogan**

7

8    Submitted by:

9    Bradley S. Copeland, OSB No. #871964
     Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Page 28  – Receivership Order

ARNOLD GALLAGHER P.C.
800 Willamette, Suite 800
P.O. Box 1758
Eugene, Oregon 97440-1758
Telephone:541.484.0188; Fax 541.484.0536

Case 18-61140-tmr11    Doc 9    Filed 04/12/18

CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2018, I served the following MOTION FOR
TURNOVER by depositing in the United States mail at Medford, Oregon full and complete
copies thereof, by first class mail, postage prepaid, or email transmission where indicated,
addressed to the following:

Carleton Farms
PO Box 462
Tulelake CA 96134

Twenty Largest Unsecured Creditors:

Baley Trotman Farms
Mark Trotman, Partner
PO Box 417
Malin, OR 97632-0417

Bank of America
Accounts Receivable
PO Box 15796
Wilmington, DE 19886-5796

Butler Machine
Scott Seus, Owner
2284 County Road 100
Tulelake, CA 96134-8269

Davis Hearn Anderson & Turner
Chris Hearn
515 E Main St
Ashland, OR 97520-2113

DHH of Oregon Company, LC
Dave Hill
1255 Jordan Creek Pkwy
West Des Moines, IA 50266-2344

ED Staubs & Sons
Brad Staub
PO Box 488
Klamath Falls, OR 97601-0339

Jesse D. Hickey Farms LLC
Jesse Hickey, Owner
PO Box 358
Merrill, OR 97633-0358

JMC Enterprises
Joel Micka
900 E Chemical Dr
Kennewick, WA 99336-5973

Les Schwab Tire Center
Ponda Maden, Credit Dept
PO Box 567
Merrill, OR 97633-0567

McAuliffe , John C
John C. McAuliffe
PO Box 404
Malin, OR 97632-0404

Northcutt, Les
Les Northcutt
PO Box 479
Malin, OR 97632-0479

Pacific Power
Accounts Receivable
PO Box 26000
Portland, OR 97256-0001

Pape Machinery Exchange
Christy Rose White
PO Box 5077
Portland, OR 97208-5077

R & J Auto Repair
Rod Green, Owner
137 E Front St
Merrill, OR 97633-9723

SAIF Corporation
Accounts Receivable
400 High St SE
Salem, OR 97312-0700

Stateline Auto Parts, Inc.
Jeff Story
PO Box 260
Merrill, OR 97633-0260

Umpqua Bank
Terri Hamlin, Special Assets
PO Box 1820
Roseburg, OR 97470-0417

CERTIFICATE OF SERVICE - **Page 1 of 2**

**Lien Holders:**

Umpqua Bank
c/o Bradley S Copeland
Arnold Gallagher PC
PO Box 1758
Eugene OR  97440

Umpqua Bank
c/o Cort O'Haver
President & CEO
445 SE Main St.
Roseburg, OR 97470

AGCO Finance LLC
PO Box 2000
Johnston IA 50131

Basin Fertilizer
   & Chemical Co., LLC
P.O. Drawer X
Merrill OR 97633

Deere & Company
6400 NW 86th St
Johnston LA 50131

Hill, Drew
18827 Hill Rd.
Klamath Falls OR 97603

Industrial Ventilation Inc.
723 E Karcher Road
Nampa ID 83687

Irrigation Rentals, Inc.
P.O. Box 297
Red Bluff CA 96080

Walker Bros
Clint Walker
PO Box 1206
Anderson, CA 96007-1206

Winema Elevators LLC
Clark Gill, General Manager
PO Box 848
Tulelake, CA 96134-0848

Worden Elevator LLC
Shane Broiler
20201 Highway 97 S
Klamath Falls, OR 97603-9595

Receiver

Advanced CFO Solutions
Attention: Matthew McKinlay
13601 West McMillan Road, Suite 102,
PMB 320
Boise, Idaho 83713

Jeffrey C. Misley
Sussman Shank LLP
1000 SW Braodway, Suite 1400
Portland, OR 97205

      I hereby certify that on April 12, 2018, I determined from the United States Bankruptcy Court electronic case filing system that the following parties will be served electronically via ECF:

      KEITH BOYD     ecf@boydlegal.net, arnold@boydlegal.net
      DOUGLAS R RICKS     vbcservicedougr@yahoo.com, doug@vbcattorneys.com
      US Trustee, Eugene     USTPRegion18.EG.ECF@usdoj.gov
      ROBERT J VANDEN BOS     vbcservice@yahoo.com, sara@vbcattorneys.com

                              THE LAW OFFICES OF KEITH Y. BOYD


                      By:     /s/ Lin Engelhorn_____
                              Lin Engelhorn, Legal Assistant


CERTIFICATE OF SERVICE - **Page 2 of 2**